**In re LAHMAN MANUFACTURING COMPANY, INC., Debtor.**

**FARMHAND, INC., Plaintiff,**

v.

**LAHMAN MANUFACTURING COMPANY, INC., and Thomas Inman, Chairman of the Unsecured Creditors Committee, Defendants.**

**Bankruptcy No. 182–00116. Adv. No. 182–0112.**

United States Bankruptcy Court, D. South Dakota.

May 10, 1983.

■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■

■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■

Robert E. Hayes, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S.D., for plaintiff.

Joe L. Maynes, Maynes, Tonner, Maynes & Tobin, Aberdeen, S.D., for defendants.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

This matter is before the Court on a complaint by a creditor, Farmhand, Inc. ("Farmhand"), seeking modification of the automatic stay in order that pending litigation brought by Farmhand against the debtor, Lahman Manufacturing Company, Inc. ("Lahman"), may proceed in United States District Court for the District of South Dakota, Northern Division. At the trial on the merits of the complaint, Lahman moved the Court to estimate the amount of Farmhand's claim and Farmhand moved for abstention. The Court heard oral argument of counsel and requested briefs on the applicability of estimation to Farmhand's claim. The Court having heard arguments of counsel and reviewed case authority supplied by Farmhand in support of its abstention motion and also having reviewed the briefs of counsel, and being fully informed and advised, finds as follows.

Lahman filed a Chapter 11 petition on November 3, 1982. By order of this Court, the exclusivity period for Lahman to file its plan of reorganization is extended to July 3, 1983.

On Schedule A–3 entitled "Creditors Having Unsecured Claims Without Priority," Lahman lists an "unliquidated/disputed" claim owing to Farmhand in an amount of $30,000. Farmhand has not filed a proof of claim.

Lahman is liable to Farmhand for infringement on Farmhand's patent on a stackmover manufactured and sold by Lahman. This liability has been adjudicated in a bifurcated trial proceeding in the United States District Court for the District of South Dakota, Northern Division, in the case enumerated CIV73–4037, filed April 17, 1972. As of this date, the measurement of damages portion of the bifurcated proceeding, including any discretionary award of costs and punitive damages, has not been scheduled for trial in Federal District Court.

On January 28, 1981, Lahman filed an antitrust action against Farmhand and others in United States District Court for the District of South Dakota, Northern Division. Since filing its Chapter 11 petition, Lahman is moving to dismiss such action. As of this date, there has been no trial date set in Federal District Court.

Farmhand raises the question of this Court's jurisdiction over this matter in light of Congressional failure to act and the expiration of the stay of the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed. 598 (1982). Farmhand has offered no argument nor authority beyond raising the spectre of *Marathon.* No challenge has been raised to the Emergency Rule created by the Judicial Conference of the United States with a recommendation that the Courts of Appeals order the adoption of the Emergency Rule by the District Courts. This was ordered by the Court of Appeals for the Eighth Circuit on December 15, 1982, and adopted by the order of the United States District Court for the District of South Dakota on December 22, 1982. The Emergency Rule was adopted in an effort to prevent complete chaos should the bankruptcy courts stop all operations in the wake of inaction by Congress to cure the invalidation by *Marathon* of the jurisdictional grant of the Bankruptcy Reform Act of 1978. The order recited that the Judges of the District Court found the existence of exceptional circumstances that mandated adoption of the Emergency Rule, concluding that "the orderly conduct of the business of the court requires this

referral of bankruptcy cases to the bankruptcy judges." *Id.*

■ The Emergency Rule speaks of "related proceedings" and non-related ones. (d)(3)(A). A "related proceeding" is a proceeding where a United States Bankruptcy Judge cannot, after the *Marathon* decision, enter a final judgment. A non-related one is a matter or proceeding which the Bankruptcy Judge could and can traditionally decide.

A relief from stay action is listed as a non-related, non-*Marathon* matter. (d)(3)(A). Consideration of a creditor's claim is also listed as a non-related proceeding. *Id.* The definition of "claim" under the Bankruptcy Code includes any right to payment even if it is not reduced to judgment or is unliquidated or disputed. 11 U.S.C. § 101(4). Therefore, these proceedings are unrelated and the Bankruptcy Judge may enter a final order hereunder.

■ This Court concurs in the view of the Honorable Thomas W. Lawless, Chief Judge, Bankruptcy Court for the District of Massachusetts, that the Supreme Court in *Marathon* did not intend "to transform this court into an abortion clinic for Chapter 11 debtors . . ." *In re Sentinel Energy Control Systems, Inc.,* 27 B.R. 795, 798 (Bkrtcy. 1983). Allowing creditors to pursue unfettered the debtor in state and federal courts simply by shouting "remember the *Marathon*" in a bankruptcy court would destroy any chance a Chapter 11 debtor may have of reorganizing and paying the creditors. The better view is that jurisdiction remains with the United States Bankruptcy Court on purely bankruptcy issues. *Moody v. Martin,* 27 B.R. 991 (D.C.W.D.Wis.1983); *In re Egeria Societa Per Azioni Di Navigazione,* 26 B.R. 494 (Bkrtcy.E.D.Va.1983). Therefore, without a direct challenge to the Rule under which this Court continues to operate, its validity is assumed and this Court has subject matter jurisdiction over this proceeding.

■ The issue before the Court is whether cause exists to modify the automatic stay to allow a determination of damages in Federal District Court when the Chapter 11 debtor's liability has previously been adjudicated by that Court in a bifurcated trial proceeding and the complainant is an unsecured creditor.

Section 362(d)(1) of the Bankruptcy Code of 1978 controls. 11 U.S.C. § 362(d)(1). Thereunder, the Court is required to grant relief from the stay for cause at the request of a party in interest. Section 362(d)(1) does not provide an inclusive list of what would be considered "cause" but only specifies that lack of adequate protection is cause for granting relief. *See* 2 *Collier on Bankruptcy* ¶ 362.07[3] (15th ed. 1982). Adequate protection is not at issue in the instant case.

Congress provided some guidance by suggesting additional reasons supporting a finding of cause. According to the legislative history, two additional bases for a determination of cause are "a desire to permit an action to proceed to completion in another tribunal . . ." and "lack of any connection with or interference with the pending bankruptcy case." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 343–4 (1977); *cf.* S.Rep. No. 95–989, 95th Cong., 2d Sess. 52–3 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5838, 6300. A determination is made on facts of each request as to whether relief is appropriate in the situation before the court. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 344, *reprinted in* 1978 U.S. Code Cong. & Admin.News 5787. The Court must take into consideration "what is just to the claimants, the debtor and the estate." *Foust v. Munson Steamship Lines,* 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49 (1936).

■ A review of the cases where the stay has been modified to allow litigation to proceed in another forum reflects two situations warranting such modification. The first is where the matter in controversy is governed exclusively by unsettled state law. *See In re Terry,* 7 B.C.D. 1218, 12 B.R. 578 (Bkrtcy.E.D.Wis.1981). (The debtor physician was the defendant in a "wrongful life" claim which raised serious public policy questions which had to be presented and decided in state courts in the first instance.)

This Court is in accord with this rule. *Chicago Eastern Corp. v. Beadle County Irrigation Systems, Inc.* (Bkrtcy.D.S.D. Nov. 23, 1981). Nevertheless, the instant case does not involve pending litigation of a question of unsettled state law. Farmhand seeks to pursue a patent infringement proceeding in United States District Court, which proceedings are governed by federal law, not state law. 35 U.S.C. § 284.

The second factual situation justifying modification of the stay for cause and allowing litigation to proceed in a forum other than bankruptcy court is where a specialized tribunal has been established for particular causes of action and that tribunal has the expertise to hear such cases. Such a situation was a dispute over a voyage charter party agreement governing the transport of petroleum by tanker which appropriately would be resolved by an arbitration panel. *In re Good Hope Industries, Inc.,* 16 B.R. 719 (Bkrtcy.D.Mass.1982). In *In re Terry, supra,* patient compensation panels created by a state legislature to provide comprehensive screening of medical malpractice claims were determined to be a specialized forum having the expertise for such claim liquidation in lieu of the bankruptcy court. In some cases, it may be appropriate to allow a specialized tribunal like the National Labor Relations Board to liquidate claims by members of a bargaining unit. *Seeburg Corp.,* 6 B.C.D. 756, 5 B.R. 364 (Bkrtcy.N.D.Ill.1980); *In re Tuscon Yellow Cab Co., Inc.,* 9 B.C.D. 283, 21 B.R. 166 (Bkrtcy.Ariz.1982); *cf. Bel Air Chateau Hospital,* 611 F.2d 1248 (9th Cir.1979). (It was not appropriate where the assets of the estate were threatened.) Farmhand has suggested that Federal District Court is a more appropriate forum to adjudicate damages arising from the debtor's patent infringement and has suggested that District Court is a specialized tribunal with particular expertise in patent law. On its face, this Court cannot accept Farmhand's suggestion that the Federal District Court is a specialized patent law tribunal with the requisite expertise shown in the above cases. Therefore, this Court cannot find cause for modification of the stay on this basis.

■ The debtor has the burden of proof on the issue of cause in a relief from stay action. 11 U.S.C. § 362(g). Lahman alleges it would be prejudiced by modification of the stay. The alleged prejudice would result from delay in litigating the matter in Federal District Court, which would interfere with the bankruptcy case, and also from resultant "staggering" legal expense to the bankruptcy estate. The fact that the patent infringement litigation has been before the Federal District Court for eleven years and the measure of damages is yet to be adjudicated reasonably supports the debtor's estimation that there would not be a final adjudication in that court for another year. No trial date is scheduled at this time. Lahman does not have the benefit of a year to formulate a plan of reorganization in its Chapter 11 proceeding. After July 3, 1983, Lahman will no longer have the exclusive right to file a plan of reorganization.

Lahman estimates the expense of adjudicating the claim in Federal District Court at an approximate dollar amount of $50,000. Lahman has initiated proceedings to dismiss its antitrust suit against Farmhand for the reason that it is unable to meet such expense when its efforts are concentrated on reorganization. Farmhand, while not conceding the debtor's projected expense amount, dismisses any relevance because the expense is in the debtor's control and is dependent on the debtor's priorities for use of its cash.

While this Court makes no finding on the debtor's projected legal expenses, consideration must be given to balancing the unsecured claim of Farmhand against the expense to the estate incurred in liquidating the claim in Federal District Court. Farmhand is an unsecured creditor who will share with the other unsecured creditors in distribution at a percentage of its claim under the debtor's plan. Should this Court modify the stay to allow Farmhand to proceed with its claim liquidation in Federal District Court and damages were liquidated at $200. per machine or even $400. per

machine, the expense of claim liquidation in Federal District Court could reasonably be $300. per machine if one accepts Lahman's projection of $50,000. total expense. For the foregoing reasons, the Court finds that allowing one unsecured creditor, Farmhand, to pursue its action in Federal District Court under these circumstances would be to the prejudice of the debtor and to the disadvantage of the other unsecured creditors whose distribution would be diminished needlessly when Farmhand can liquidate its claim expeditiously and economically in this Court without causing the debtor undue hardship. Lahman has met its burden of proof that cause does not exist as contemplated by § 362(d)(1) and modification of the stay is hereby denied.

■ It does not follow, as Farmhand suggests, that by such holding this Court deprives Federal District Court of its jurisdiction. The automatic stay provision merely suspends those proceedings to which it applies and does not divest the court of jurisdiction. *In re Related Asbestos Cases,* 9 B.C.D. 874, 23 B.R. 523 (D.C.Cal.1982).

Farmhand's motion for abstention under 28 U.S.C. § 1471(d) is denied. Farmhand has not filed a proof of claim. The patent infringement action is not before the Court because Farmhand has not filed the action in this Court. Lahman has not removed such action to this Court. Therefore, there is no proceeding from which to abstain or not abstain.

■ Lahman's motion for claim estimation under 11 U.S.C. § 502(c) is denied. Lahman listed the Farmhand debt on Schedule A–3 as unliquidated/disputed. Farmhand has not filed a proof of claim. A proof of claim is deemed filed under § 501 by listing on the schedules and is deemed allowed under § 502 unless an objection is made, except where the claim is listed as disputed or unliquidated. 11 U.S.C. § 1111(a). The creditor whose claim is listed as disputed or unliquidated as to amount shall file a proof of claim any time prior to the court's approval of the debtor's disclosure statement. Interim Rules of Bankruptcy Procedure 3001(b)(2) and 3001(b)(3).

The Court does not have an unliquidated or disputed proof of claim before it. Without the claim, the Court cannot consider an objection or a question of estimation under § 502(c).

This opinion shall serve as Findings of Fact and Conclusions of Law under Bankruptcy Rule of Procedure 752. Counsel for Lahman is ordered to prepare an order consistent with this opinion and file it with the Court within ten (10) days from date.