**In re SAMBO'S RESTAURANTS, INC., Debtor.**

**Mohan S. TUCKER, Plaintiff-Appellant,**

**v.**

**SAMBO'S RESTAURANTS, INC., Defendant-Appellee.**

**BAP No. SC–82–1416–VPG.**

**Bankruptcy No. LA 81–15593–CA.**

**Adv. No. LA 81–7708–CA.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Nov. 10, 1983.

Decided April 30, 1984.

No appearance for plaintiff-appellant.

Lana Borsook, Hahn & Cazier, Los Angeles, Cal., for defendant-appellee.

Before VOLINN, PYLE and GEORGE, Bankruptcy Judges.

## OPINION

PYLE, Bankruptcy Judge:

Mohan S. Tucker, Plaintiff, appeals from a judgment denying him relief from stay to pursue an appeal against Sambo's Restaurants, Inc., defendant. The subject appeal was filed with the United States Court of Appeals for the Eleventh Circuit on February 24, 1982, from a judgment of the United States District Court for the Northern District of Georgia in *Equal Employment Opportunity Commission v. Sambo's of Georgia, Inc.*, 530 F.Supp. 86 (N.D.Ga. 1981).

We affirm.

## BACKGROUND

Tucker is a member of the Sikh religion. The male members of this religion wear turbans and do not cut their facial hair. On January 24, 1979, Tucker was refused employment with Sambo's which had a policy of hiring only clean-shaven employees. Tucker challenged this policy as a violation of his religious beliefs.

The Equal Employment Opportunity Commission, an agency of the United States, brought an action on behalf of Tucker against Sambo's in the Northern District Court of Georgia seeking injunctive relief (including an order directing Sambo's to hire him) and damages including back pay. In a reported decision, the district court ruled in favor of Sambo's, finding that Sambo's grooming standards were reasonable in relation to the safety

and sanitation requirements of its business. *Equal Employment Opportunity v. Sambo's of Georgia, Inc., supra.* The Equal Employment Opportunity Commission then appealed to the Eleventh Circuit.

On November 27, 1981, two months before the appeal, Sambo's filed a petition for relief under Chapter 11 of the Bankruptcy Code. Although the Equal Employment Opportunity Commission later abandoned its pursuit of the appeal, Tucker, who was granted permission to intervene in his own right, has decided to pursue it.

On July 27, 1982, Tucker filed a complaint in bankruptcy court seeking relief from the § 362 automatic stay to pursue his appeal. Despite Tucker's willingness to waive the pecuniary portion of the appeal, the bankruptcy court refused to lift the stay. The court found that there was no urgent need for the relief sought, that Sambo's would be burdened by defense costs, and that property of the estate could be affected.

## DISCUSSION

This panel is very concerned about the issue presented here where a prompt determination of appellant's First Amendment rights is in conflict with the breathing space necessary to Sambo's reorganization efforts.

Surprisingly, Appellant Tucker has elected to waive oral argument and Tucker has not challenged the bankruptcy court's findings.

The only issue on appeal is whether the decision denying relief from stay was an abuse of discretion. Whether "cause" exists for lifting the automatic stay under 11 U.S.C. Section 362(d) is a matter left to the discretion of the bankruptcy judge. *In re Holtkamp*, 669 F.2d 505, 507 (7th Cir. 1982). Thus a decision relating to the automatic stay may be overturned only if there is an abuse of that discretion. *Id.* at 507.

Appellant has not met his burden of showing that the trial court abused its discretion.

We affirm.