**In re Leonard Earl KELLY, Debtor.**

**Bankruptcy No. 89–21781–7.**

United States Bankruptcy Court, D. Kansas.

March 29, 1991.

Leonard Earl Kelly, in pro. per.

John F. Michaels, James S. Willis, for debtor.

Marjorie Rosalie Kelly, in pro. per.

Edward J. White, for creditor.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter comes on before the Court pursuant to the July 9, 1990 hearing on Creditor Marjorie Rosalie Kelly's Motion for Relief from Stay. The debtor, Leonard Earl Kelly appeared in person and through one of his attorneys, John F. Michaels (James S. Willis is local counsel). The creditor, Marjorie Rosalie Kelly, appeared in person and through her attorney, Edward J. White. There were no other appearances.

### FINDINGS OF FACT

Based upon the parties' stipulations, the pleadings and the record, this Court finds as follows:

1. That on November 21, 1983, Leonard Earl Kelly, (hereinafter "debtor") and Marjorie Rosalie Kelly, (hereinafter "movant") were granted a divorce in the District Court of Wyandotte County, Kansas.

2. That as part of the Decree of Divorce, the movant was allowed the sum of $125,000 as a property settlement to be paid, without interest as follows: $20,833 per year for a period of six years, to be paid during each of the six years in twelve monthly installments of $500 each, with the balance of $14,833 to be paid on or before December 31. *Decree of Divorce*, at ¶ 6B.

3. That additionally, the debtor was ordered to pay to movant as alimony, the sum of 1,000 per month beginning December 1, 1983, for a period of 120 months or until

movant's death or remarriage, whichever event occurred first. *Decree of Divorce,* at ¶ 6C.

4. That as part of the Decree of Divorce the debtor had set over to him as his sole and separate property, free and clear of any right, title or interest of [movant], the parties residence at 10429 Riverview, Edwardsville, Kansas, subject to any mortgages or encumbrances thereon which debtor assumed and agreed to pay.

5. That in addition to the residence, the Decree set over to the debtor as his sole and separate property an airstrip, plus 45 acres of land and barn adjacent to the residence in Edwardsville.

6. That to secure the installment payments the movant was given a lien against the parties' residence at 10429 Riverview Edwardsville, Kansas.

7. That the Decree of Divorce became a judgment lien on both the residence and the adjacent 45 acres. There are no other liens on either the residence or the adjacent 45 acre tracts superior to the Decree of Divorce judgment lien.

8. That on November 7, 1989, the debtor filed his petition under Chapter 7 of Title 11 of the United States Code.

9. That debtor has made no payment on either the property settlement or alimony since the filing of this bankruptcy action.

10. That on March 6, 1990, the movant filed her Motion for Relief From Stay.

11. That the sum of $29,166 is due and outstanding on the settlement obligation; and $9,000 in delinquent alimony payments as of July 11, 1990.

12. That on April 19, 1990, this Court granted the debtor a homestead exemption in one acre of the residence tract. The Court earlier approved the sale by the Chapter 7 trustee to the debtor of one acre of the residence tract (exclusive of the house and one acre claimed as exempt). Thus, the debtor now holds title to all of the residence tract consisting of the house and two acres.

14. That pursuant to § 541 of the Bankruptcy Code, the trustee, Eric C. Rajala, now holds title to the adjacent 45 acre tract.

15. That the value of the residence and adjacent 45 acres is in excess of the amount presently due the movant for the delinquent property settlement installment payments and alimony payments. The minimum agreed value of the residence (house and 2 acre tract) in which the debtor resides is approximately $140,000.

16. That on July 9, 1990 the hearing was held pursuant to movant's Motion for Relief from Stay. After hearing arguments of counsel, this Court took the matter under advisement upon the simultaneous filing of memorandum briefs by the parties.

## CONCLUSIONS OF LAW

The purpose of the automatic stay provision under § 362 is to prohibit any further collection attempts by creditors outside the scope of the bankruptcy court. This provides for an orderly liquidation of the debtor's estate. However, the automatic stay may be lifted under certain circumstances. Section 362(d) provides that:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

■ The Bankruptcy Code has not defined "cause" under § 362(d)(1). Thus, this Court must determine "cause" on a case by case basis. *Pursifull v. Eakin,* 814 F.2d 1501, 1506 (10th Cir.1987); *In re MacDonald,* 755 F.2d 715, 717 (9th Cir.1985); *Matter of Holtkamp,* 669 F.2d 505, 507 (7th Cir.1982).

■ In the case at bar, the movant, who is the former wife of the debtor, was given a judgment lien on the debtor's residence if the debtor defaulted on his settlement payments and alimony. The debtor has claimed the residence as exempt. The movant has not been paid any property settlement payments or alimony since the filing of the debtor's Chapter 7 proceeding on November 7, 1989. The movant may not institute foreclosure actions against the property to enforce her judgment lien without a modification of the automatic stay. The movant has stated in her Affidavit that her total aggregate income is $750 per month while her monthly expenses total $1,006. Due to the debtor's nonpayment, the movant has been forced to diminish her reserve funds of less than $17,000 to survive (the reserve represents the proceeds remaining from the settlement and alimony payments made by the debtor prior to his filing bankruptcy.) This Court finds that the aforementioned hardships imposed upon the movant constitute "cause" within the meaning of 11 U.S.C. § 362(d)(1).

This Court further finds that no discussion of § 362(d)(2) is necessary since "cause" exists under § 362(d)(1) to modify the automatic stay. Further, this proceeding was filed under chapter 7, and effective reorganization is not necessary. *In re Benson*, 116 B.R. 606, 609 (Bankr.S.D.Ohio 1990).

IT IS THEREFORE, BY THE COURT ORDERED, That the Movant, Marjorie Rosalie Kelly's Motion for Relief From Stay be and the same is hereby SUSTAINED.

This Memorandum shall constitute my Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.