**In re Mark MORALEZ, Debtor.**

**Bankruptcy No. 90–20869–R.**

United States Bankruptcy Court, E.D. Michigan.

June 25, 1991.

Kurt O'Keefe, Detroit, Mich., for debtor.

David Findling, Southfield, Mich., for Debra Moralez.

## SUPPLEMENTAL MEMORANDUM OPINION GRANTING MOTION TO LIFT STAY

STEVEN W. RHODES, Bankruptcy Judge.

### I.

The debtor's former spouse, Debra A. Moralez, has filed a motion to lift the stay so that she can file a nondischargeability action against the debtor under 11 U.S.C. § 523(a)(5) in state court. The parties' di- vorce judgment requires the debtor to assume certain joint marital debts, and Mrs. Moralez prefers to litigate the dischargeability of that obligation in the state court that entered the judgment.

The debtor, Mark Moralez, opposes the motion, contending that this Court is in the best position to interpret and apply 11 U.S.C. § 523(a)(5). Following oral argument, the Court granted the motion. This memorandum opinion supplements the decision given in open court at that time.

### II.

The motion is filed pursuant to 11 U.S.C. § 362(d)(1), which states, "... the court shall grant relief from the stay ... (1) for cause...."

The issue of whether to lift the stay to allow a creditor to pursue litigation against the debtor has been addressed in numerous prior decisions. Several themes emerge from these decisions:

A. The decision whether to lift the automatic stay is within the discretion of the Bankruptcy Court. *In re Kemble,* 776 F.2d 802 (9th Cir.1985); *In re MacDonald,* 755 F.2d 715 (9th Cir.1985); *Pursifull v. Eakin,* 814 F.2d 1501 (10th Cir.1987); *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth Inc.,* 814 F.2d 844 (1st Cir.1987); *In re Sambo's Restaurants, Inc.,* 38 B.R. 764 (9th Cir. BAP 1984); *In re Dixie Broadcasting Inc.,* 871 F.2d 1023 (11th Cir. 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 154, 107 L.Ed.2d 112 (1989); *In re White,* 851 F.2d 170 (6th Cir.1988); *In re Castlerock Properties,* 781 F.2d 159 (9th Cir.1986).

B. The decision whether to lift the stay should be made on a case by case basis. *In re Kelly,* 125 B.R. 301 (Bankr.D. Kan.1991); *In re MacDonald,* 755 F.2d 715 (9th Cir.1985); *In re Johnson,* 115 B.R. 634 (Bankr.D.Minn.1989); *In re Tucson Estates, Inc.,* 912 F.2d 1162 (9th Cir.1990).

C. In deciding whether to lift the stay, the Bankruptcy Court should balance the harm to the parties. *In re Opelika Mfg. Corp.,* 66 B.R. 444 (Bankr.N.D.Ill. 1986); *In re Turner,* 55 B.R. 498 (Bankr.N. D.Ohio 1985); *In re Gatke Corp.,* 117 B.R. 406 (Bankr.N.D.Ind.1989); *In re Salisbury,* 123 B.R. 913 (S.D.Ala.1990); *In re Parkin-*

*son*, 102 B.R. 141 (Bankr.C.D.Ill.1988); *In re Todd Shipyards Corp.*, 92 B.R. 600 (Bankr.D.N.J.1988); *In re Bible*, 110 B.R. 1002 (Bankr.S.D.Ga.1990); *In re Johnson*, 115 B.R. 634 (Bankr.D.Minn.1989).

■ D. The Bankruptcy Court should consider the effect of lifting the stay on the administration of the bankruptcy estate. *In re Towner Petroleum Co.*, 48 B.R. 182 (Bankr.W.D.Okla.1985); *In re Curtis*, 40 B.R. 795 (Bankr.D.Utah 1984); *In re Tucson Estates, Inc.*, 912 F.2d 1162 (9th Cir. 1990); *In re Bible*, 110 B.R. 1002 (Bankr.S. D.Ga.1990); *In re Johnson*, 115 B.R. 634 (Bankr.D.Minn.1989).

■ E. The Bankruptcy Court should consider whether the tribunal where the creditor proposes to litigate has special expertise in dealing with the issues, *In re Lahman Mfg. Co.*, 31 B.R. 195 (Bankr.D.S. D.1983), *Pursifull v. Eakin*, 814 F.2d 1501 (10th Cir.1987), especially when domestic relations issues are involved, *In re White*, 851 F.2d 170 (6th Cir.1988), *In re Baker*, 75 B.R. 120 (Bankr.D.Del.1987); *In re Pacana*, 125 B.R. 19 (9th Cir. BAP 1991); *In re Kelly*, 125 B.R. 301 (Bankr.D.Kan.1991); *In re Bible*, 110 B.R. 1002 (Bankr.S.D.Ga. 1990); *In re MacDonald*, 755 F.2d 715 (9th Cir.1985), or when the intent of a state court order is an issue. *In re Kincaid*, 55 B.R. 652 (Bankr.W.D.Ky.1985).

### III.

■ The Court has concluded that there is cause to lift the stay to allow Mrs. Moralez to litigate her nondischargeability claim in state court, for the following reasons:

A. The primary authority interpreting 11 U.S.C. § 523(a)(5) is *In re Calhoun*, 715 F.2d 1103 (6th Cir.1983). In that case, the Sixth Circuit held, "The issue of when an assumption of joint debts is 'in the nature of alimony, maintenance or support' as opposed to a division of communal property is to be determined by federal bankruptcy law." 715 F.2d at 1107. The court went on to state, "While state law is not binding, it nonetheless may provide a useful source of 'guidance'." 715 F.2d at 1108. After concluding that the "fresh start" concept of bankruptcy must also be given weight, the court announced a three step test to be used in determining whether the assumption of joint debts is in the nature of alimony or support and therefore nondischargeable. 715 F.2d at 1109.

The first test is whether the state court or the parties *intended* to create an obligation to provide support. The second test is whether the assumption obligation has the *effect* of providing *necessary* support. The third test is whether the amount of support, represented by the assumption obligation is manifestly reasonable under traditional concepts of support.

This Court concludes that the state court which imposed the assumption obligation in the first instance is as able, if not better able, to address each of these three tests. First, the state court is best able to address its own *intent*. Second, the fact finding processes necessary to determine the *effect* of the assumption are essentially the same in the state court as in the bankruptcy court; indeed, the state court may have already examined the issue when it fixed the assumption obligation in the first instance. And third, the state court is in a much better position to determine whether the amount of the assumption obligation is reasonable under traditional concepts of support; this matter is entirely within its expertise.

This analysis demonstrates that the state court is fully capable of resolving the issues to be raised in Mrs. Moralez's proposed nondischargeability action under 11 U.S.C. § 523(a)(5).

■ B. The jurisdiction over nondischargeability actions under 11 U.S.C. § 523(a)(5) is not exclusive with the Bankruptcy Court. 28 U.S.C. § 1334(b) provides, "... the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." *See In re McCracken*, 94 B.R. 467 (Bankr.S.D.Ohio 1988).

C. The debtor will not be harmed by litigating the dischargeability claim in state court rather than in bankruptcy court. It will have to be resolved someplace, *In re Rounseville*, 20 B.R. 892 (Bankr.D.R.I. 1982), and because of the state court's expertise and prior handling of the parties'

divorce action, it may well be less costly to litigate in state court. Therefore, the balance of harm weighs in favor of allowing Mrs. Moralez to proceed with her claim in state court.

D. Nothing suggests that litigating this nondischargeability issue in state court will have any effect on the administration of the debtor's bankruptcy estate. The issue is essentially a private issue between the debtor and his former spouse, and does not involve the trustee, any other creditors, or property of the estate.

E. Under 11 U.S.C. § 362(c)(2), the stay of judicial proceedings involving the debtor continues until the case is closed or dismissed, or until the discharge is entered, whichever is earliest. Thus, Mrs. Moralez could proceed with her nondischargeability action in state court after the stay expires by law. Denial of the motion to lift the stay would only mean that Mrs. Moralez would have to wait the short time for the stay to expire in order to bring her nondischargeability claim in state court. In this case, there does not appear to be any reason to require her to wait.

For these reasons, the motion to lift stay is granted.