In re Thomas Leonard THAGGARD,
Debtor.

Thomas Leonard THAGGARD, Appellant,

v.

Mary Anne M. PATE, f/k/a Mary
Ann Thaggard and Robert J.
Russell, Jr., Appellees.

Civ. A. No. 94–D–102–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 6, 1995.

Jerry L. Cruse, Montgomery, AL, for debtor/appellant Thomas Leonard Thaggard.

Charles Nichols Parnell, III, Montgomery, AL, for appellee Mary Anne M. Pate.

Robert J. Russell, Jr., pro se.

## MEMORANDUM OPINION AND ORDER

DeMENT, District Judge.

This matter is before the court on appeal from the United States Bankruptcy Court of the Middle District for Alabama. The bankruptcy court abstained from hearing Thomas Leonard Thaggard's adversary proceeding against Mary Anne M. Pate, f/k/a Mary Ann Thaggard, and Robert J. Russell, Jr. After careful consideration of the arguments of counsel, the relevant case law and the record as a whole, the court finds that the decision of the bankruptcy court is due to be affirmed.

### JURISDICTION

The court has jurisdiction pursuant to 28 U.S.C. § 158(a), which provides that all final orders of bankruptcy judges shall be appealable to the district court located within the district in which the bankruptcy judge serves.

### STANDARD OF REVIEW

The applicable standard of review with respect to findings of fact is the "clearly erroneous" standard. *Green Tree Acceptance, Inc. v. Calvert (In re Calvert),* 907 F.2d 1069, 1071 (11th Cir.1990). Findings of fact by the bankruptcy court are subject to reversal when "the reviewing court is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

As to conclusions of law, the standard of review is *de novo,* and the district court may independently examine the applicable law and draw its own conclusions after applying the law to the facts without regard to the decision of the bankruptcy court. *In re Chase & Sanborn Corp.,* 904 F.2d 588, 593 (11th Cir.1990).

### PROCEDURAL HISTORY AND FACTS

Thomas Leonard Thaggard (hereafter "debtor-husband") and Mary Anne Pate[1] f/k/a Mary Anne Thaggard (hereafter "creditor-wife") filed for divorce in the Circuit Court of Montgomery County, Alabama. On March 23, 1989, the circuit court entered a divorce decree, granting the creditor-wife custody of their two children and ordering the debtor-husband to make bi-weekly child support payments and to pay the joint debts incurred during the marriage.

While the decree specifically excluded alimony payments to the creditor-wife, the court reserved the right to award such payments:

> 8. ... [T]he Wife is able to support herself with regard to her daily expenses, and no periodic alimony is awarded at this time. However, the Court reserves the right to award periodic alimony should the same become necessary due to the Wife [sic] becoming individually liable to make payment on joint debts of the parties assigned herein to the Husband and/or should the facts and circumstances of the parties change such that an award of periodic alimony would be deemed appropriate by the Court.

Thereafter, the debtor-husband's child support payments became in arrears, and the creditor-wife filed in the circuit court a "Contempt Petition for Non–Payment of Support." Therein, the creditor-wife sought delinquent child support payments totalling

---

1. The creditor-wife has since remarried.

$18,000, as well as $13,000 for amounts allegedly paid by her for joint debts incurred during the marriage. On March 15, 1993, the creditor-wife filed a second petition in the circuit court to recover for medical expenses owed to her under the divorce decree, to recover a judgment for the joint debts assumed and allegedly paid by her and to terminate the visitation rights of the debtor-husband.

The circuit court held a hearing on April 27, 1993 to determine whether to award the relief sought by the creditor-wife in her petitions. Based upon mutual agreement of the debtor-husband and creditor-wife, the court entered a judgment in favor of the creditor-wife, awarding child support arrearage, payments for the joint debts assumed, as well as attorney fees.

Prior to this hearing, the debtor-husband filed an answer to the creditor-wife's two petitions, therein asserting that he was in the process of filing for protection under Chapter 7 of the United States Bankruptcy Code. On April 27, 1993, the day of the hearing, the debtor-husband in fact filed a petition for Chapter 7 protection in the United States Bankruptcy Court for the Middle District of Alabama. In his petition, the debtor-husband named the wife as a creditor for child support payments and marital debts. On the same day, the debtor-husband filed in the circuit court a notice of bankruptcy and motion to stay the proceedings, which the circuit court denied in a stamped order.

On July 10, 1993, the creditor-wife filed in the bankruptcy court a motion requesting that the automatic stay be lifted so that she could proceed against the debtor-husband in the circuit court for an award of periodic alimony payments and determination of the rights and obligations between the parties under the divorce decree. The bankruptcy court granted the motion and terminated the stay in its order dated July 28, 1993. The bankruptcy court based its decision on the "policies underlying" *Carver v. Carver,* 954 F.2d 1573 (11th Cir.), *cert. denied,* —— U.S.

——, 113 S.Ct. 496, 121 L.Ed.2d 434 (1992), and asserted that the state court has concurrent jurisdiction to determine whether the marital debts are dischargeable under 11 U.S.C. § 523(a)(5).[2]

On July 20, 1993, the debtor-husband commenced an adversary proceeding in the bankruptcy court against the creditor-wife and her attorney charging that they willfully violated the automatic stay provision by seeking a judgment in state court after the debtor-husband had filed for bankruptcy. Moreover, the debtor-husband requested the bankruptcy court to determine whether the amounts owed to the creditor-wife were due to be discharged under 11 U.S.C. § 523(a)(5).

Thereafter on August 27, 1993, the creditor-wife and her attorney (i.e., the defendants in the adversary proceedings) filed a motion to dismiss the proceedings. The bankruptcy court entered its opinion on September 15, 1993, concluding as follows: "Resolution of the issues under 11 U.S.C. § 523(a)(5) requires interpretation of a state court divorce decree[;]" hence, "... the issue of dischargeability may best be decided in state court," which has concurrent jurisdiction pursuant to 11 U.S.C. § 1334.

On December 13, 1993, the bankruptcy court denied the debtor-husband's motion for a rehearing and dismissed the adversary proceedings. This appeal followed.

## DISCUSSION

The debtor-husband has raised three issues on appeal. The court will address each separately.

I. *Does the state court have concurrent jurisdiction with the bankruptcy court to determine whether alleged alimony, maintenance or support debt is non-dischargeable under 11 U.S.C. § 523(a)(5)?*

■ The jurisdiction-granting statute is 28

**2.** 11 U.S.C. § 523(a)(5) provides in part that a discharge under Chapter 7 does not discharge the debtor from any debt "to a spouse, former spouse, or child of the debtor, alimony to, maintenance for, or support of such spouse or child in connection with a separation agreement, divorce decree or other order of the court of record...."

U.S.C. § 1334[3] and provides in pertinent part as follows:

(a) Except as provided in subsection (b) of this section, the district court shall have original jurisdiction and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

The debtor-husband argues that under § 1334(b), the state court may not determine whether a debt is not dischargeable under 11 U.S.C. § 523(a)(5), because "[n]o other act of congress confers upon State domestic courts exclusive jurisdiction to determine dischargeability in matters arising out of or related to Title 11."[4] Appellant's Br. at 11. The debtor-husband, however, has failed to set forth any authority supporting his argument.

In fact, caselaw explicitly pronounces that the state courts have concurrent jurisdiction over the matters at issue in this case. *See In re Moralez,* 128 B.R. 526, 528 (Bankr. E.D.Mich.1991) (finding that "the jurisdiction over nondischargeability actions under 11 U.S.C. § 523(a)(5) is not exclusive with the Bankruptcy Court."); *Hohenberg v. Hohenberg,* 143 B.R. 480, 483 (Bankr.W.D.Tenn. 1992) ("The state court has concurrent jurisdiction with the bankruptcy court to determine whether alleged alimony, maintenance or support is dischargeable."); *In re Richards,* 131 B.R. 76, 78 (Bankr.S.D.Ohio 1991). Finally, the court finds that following analysis persuasive:

Section 523(a)(5) does not fall within the terms of section 523(c)(1), which discharges debts specified in section 523(a)(2), (4) or (6) unless the creditor requests a hearing to determine the dischargeability of such debts. In effect, the determination of whether debts within subsection (a)(2), (4) or (6) are dischargeable under section 523(a) falls within the exclusive jurisdiction of the bankruptcy court, while the bankruptcy court possesses only concurrent jurisdiction if subject to a dischargeable determination for other types of debts.... By virtue of the permissive grant to file the complaint, and by comparison with section 523(c)(1), it is clear that the bankruptcy court only has jurisdiction concurrent with the appropriate local court.

*Collier on Bankruptcy,* ¶ 523.15, at 523–125–126 (Lawrence P. King ed., 15th ed. 1992). Accordingly, the court finds that the bankruptcy court did not err in concluding that the state court has concurrent jurisdiction to hear claims under 11 U.S.C. § 523(a)(5).

II. *Did the bankruptcy court abuse its discretion in abstaining from hearing the debtor's adversary complaint?*

■ In his adversary complaint, the debtor-husband sought damages for an alleged willful violation of the automatic stay and requested that the bankruptcy court determine the dischargeability of the marital debts under 11 U.S.C. § 523(a)(5).

■ First, the court finds that the bankruptcy court did not abuse its discretion in abstaining from determining whether the debtor-husband's financial obligations to the creditor-wife qualify as dischargeable debts.[5] In addition to granting state courts concurrent jurisdiction over claims under 11 U.S.C.

**3.** While 28 U.S.C. § 1334 refers to the United States district courts, "the section refers to the bankruptcy court when the district court has referred a case or proceeding to the bankruptcy court." *See* Bankr.Ct.'s Op. on Mot. for Rehearing; *see also In re Cash Currency Exchange, Inc.,* 37 B.R. 617 (Bankr.D.C.Ill.1994), *aff'd* 762 F.2d 542, *cert. denied,* 474 U.S. 904, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985).

**4.** The debtor-husband also argues that 11 U.S.C. § 523 neither "directly or by implication" confers on state courts jurisdiction to determine the dischargeability of any debt. Besides being con-

clusory, the argument is flawed in that § 523 is not a jurisdictional statute. Rather, it is a statute setting forth which debts are not dischargeable when a debtor files for bankruptcy.

**5.** The divorce decree provided that the debtor-husband would pay all joint debts incurred during the marriage. When the debtor-husband failed to pay said debts, the creditor-wife assumed the liabilities. Thereafter, the creditor-wife sought a judgment from the state court ordering the creditor-husband to repay the monies. Said judgment was entered.

§ 523(a)(5), 28 U.S.C. § 1334 also allows the bankruptcy court to abstain from hearing certain matters: "(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." The decision whether to abstain is within the sound judicial discretion of the bankruptcy judge. *Carver,* 954 F.2d at 1579.

The Court of Appeals for the Eleventh Circuit found that 28 U.S.C. § 1334(c)(1) is tailored for situations where the bankruptcy court will necessarily become entangled with issues regarding alimony, child support or other family matters. *Id.* After noting that federal courts generally abstain from deciding diversity cases involving domestic relations law, the Eleventh Circuit stated as follow:

> [T]he concerns underlying this abstention doctrine are also present in bankruptcy. The state interest in ensuring that dependents are adequately provided for is certainly strong. Decisions which involve alimony or child support, generally under continuing supervision by the state courts, could require the bankruptcy court to second guess the state court on such matters and could produce conflicting court decrees further aggravating an already delicate situation.... "It is appropriate for bankruptcy courts to avoid incursions into family law matters 'out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters.'" *In re MacDonald,* 755 F.2d 106, 117–19 (7th Cir.1985) (quoting *In re Graham,* 14 B.R. 246, 248 (Bankr.W.D.Ky. 1981)).

*Id.*

Finally, the court warned of the "danger that bankruptcy will be used as a weapon in an on-going battle between former spouses over the issues of alimony and child support or as a shield to avoid family obligations." *Id.; see also In re Moralez,* 128 B.R. at 527 (setting forth a three-part test [6] to determine whether an assumption of a joint debt is alimony, maintenance or support and finding that the state court, which imposed the assumption obligation requirement, could more effectively resolve the issue).

The debtor-husband argues that the bankruptcy court will not have to interfere with state family law to determine whether the debtor-husband's obligation to repay the creditor-wife for the joint debts is dischargeable, that is, "whether a Mastercard or a Sears debt is ordinary debt" or support or alimony. The court, however, disagrees and finds that the bankruptcy court did not commit error in deferring to the state court's expertise and skill. The fact-finding process may well involve an interpretation of the state court's divorce decree, particularly ¶ 8 therein, and the state court is better able to determine its intent since it imposed upon the debtor-husband the payment of the joint debts incurred during the marriage. In addition, the state court entered the judgment ordering the debtor-husband to repay the creditor-wife for her payment of the joint marital debts, and the debtor-husband may raise dischargeability as a defense. *See In re Mitchell,* 132 B.R. 585 (Bankr.S.D.Ind. 1991). Furthermore, the debtor-husband has failed to show that he would suffer any harm in trying the issue in state court, as the issue of dischargeability "will have to be resolved someplace." [7] *In re Moralez,* 128 B.R. at 528 (citation omitted). In light of the foregoing and the bankruptcy's judge discretion to abstain, the court cannot find that the bankruptcy court was in error.

■ The second issue is whether the bankruptcy court erred in abstaining and

---

6. "The first test is whether the state court of the parties intended to create an obligation to provide support. The second test is whether the assumption obligation has the effect of providing necessary support. The third test is whether the amount of support, represented by the assumption obligation is manifestly reasonable under the traditional concepts." *In re Moralez,* 128 B.R. at 528 (citing *In re Calhoun,* 715 F.2d 1103 (6th Cir.1983)).

7. In the conclusion of the debtor-husband's brief, he remarks that the state court is "hostile." He has not, however, offered any argument to support this conclusion.

allowing the state court to hear the debtor-husband's request for damages for an alleged willful violation of the automatic stay. In the adversary complaint, the debtor-husband asserts that the creditor-wife and her attorney violated the automatic stay by seeking a judgment for payment of marital debts after the debtor-husband had filed a bankruptcy petition.[8]

The court in *Carver* explained that "where the purposes of the automatic stay provision would clearly be served by affording a remedy for its violation, and the court would not be required to delve too deeply into family law, the court need not abstain from hearing the claim." *Id.* at 1580. The court warned, however, that the bankruptcy court "should tread very carefully when asked to impose sanctions for violation of the automatic stay where the actions underlying the violation involve alimony, maintenance, or support." *Id.* at 1579.

First, the court notes, without deciding, that it appears doubtful that a violation of the automatic stay occurred, since the debtor-husband consented to the terms of the judgment and voluntarily agreed to pay the arrearage in child support and the joint debts allegedly paid by the creditor-wife. Second, the court finds that even if a violation occurred, the bankruptcy court did not err in allowing the state court to resolve the issue. For all the reasons discussed, *supra,* the bankruptcy court in exercising its discretion could aptly determine that it would have to "delve deeply" into family matters.[9]

III. *In abstaining to hear the adversary proceedings, did the bankruptcy court violate the debtor-husband's constitutional rights?*

■ First, the debtor-husband asserts that the bankruptcy court's decision denied him a right to a hearing "in the only forum available to him" in violation of the Four-

teenth Amendment of the United States Constitution. The court finds the debtor-husband's argument devoid of any merit.

■ To establish a deprivation of procedural due process, the debtor-husband must establish that he holds a constitutionally-protected interest in life, liberty, or property; that there has been a governmental deprivation of that interest; and that the procedures accompanying the deprivation were constitutionally inadequate. "It is axiomatic that, in general, the Constitution requires that the state provide fair procedures and an impartial decisionmaker before infringing on a person's interest in life, liberty, or property." *McKinney v. Pate,* 20 F.3d 1550, 1561 (11th Cir.1994) (quoting *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 545, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985)).

As already discussed, the state court has jurisdiction to hear the issues contained in the debtor-husband's adversary complaint. Hence, while the state court may not be the debtor-husband's first choice of forums, he will in fact have an opportunity to be heard. Moreover, the debtor-husband has provided no caselaw or authority to support his conclusion that a debtor has a constitutionally-protected right to be heard in the bankruptcy court when filing an adversary proceeding. The debtor-husband also has failed to provide any authority that in exercising its discretionary right to abstain, the bankruptcy court deprived him of a constitutionally-protected right.

■ Second, the debtor-husband asserts that the bankruptcy court's decision denied him equal protection of the laws as protected by the Fourteenth Amendment. The Equal Protection Clause is violated when "similarly situated persons are treated differently and that different treatment is not rationally related to a legitimate state interest." *Johnson v. City of Tarpon Springs,* 758 F.Supp.

8. Under § 362(a), all proceedings against the debtor are stayed during the course of the bankruptcy proceedings. A creditor, however, may seek relief from the stay under 11 U.S.C. § 362(c). If a creditor acts in violation of the automatic stay, the court generally will award damages to the debtor. *Carver,* 954 F.2d at 1578; 11 U.S.C. § 362(h).

9. In the adversary complaint, the debtor-husband sought avoidance of a judgment lien under 11 U.S.C. § 506. The court again agrees with the bankruptcy court that this issue may become moot depending upon the outcome of the state court trial.

1473 (M.D.Fla.1991) (citing *City of Cleburne, Texas v. Cleburne Living Center,* 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985)); *see Bass v. City of Albany,* 968 F.2d 1067, 1070 (11th Cir.1992). The debtor-husband has not submitted any evidence of similarly situated persons being treated differently than he was treated. The court finds the debtor-husband's contention totally unsupported by any authority or evidence. Accordingly, the court finds that the bankruptcy court's decision did not violate the debtor-husband's constitutional rights.

## CONCLUSION

For the reasons explained, it is CONSIDERED, ORDERED, and ADJUDGED that the final order of the Bankruptcy Court for the Middle District of Alabama be and the same is hereby AFFIRMED.

It is further CONSIDERED and ORDERED that all costs herein incurred are taxed against the appellant, Thomas Leonard Thaggard, for which let execution issue.