**In re Patricia Ann LYONS and Claude Douglas Lyons, Debtors.**

**GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff,**

v.

**Patricia Ann LYONS and Claude Douglas Lyons, Defendants.**

**Bankruptcy No. 81–00307N.
Adv. 82–0001N.**

United States Bankruptcy Court,
N. D. Georgia,
Newnan Division.

April 14, 1982.

John G. McCullough, Wilkinson & McCullough, Atlanta, Ga., for plaintiff.

David P. Mills, Mills & Mills, Forest Park, Ga., for defendants.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

On August 27, 1981, the above-referenced debtors filed their petition under Chapter 7 of the Bankruptcy Code. On January 4, 1982, General Motors Acceptance Corporation ("GMAC") filed its Complaint for Relief from the Automatic Stay, seeking to repossess and foreclose on a 1980 Oldsmobile Cutlass automobile. On January 20, 1982, the debtors filed their answer to GMAC's complaint. Paragraph Four of said answer admitted that the debtors have no equity in the 1980 Oldsmobile Cutlass automobile.

The debtors have argued that any default is due to (1) the filing of a petition under the Bankruptcy Code, and (2) the refusal of GMAC to timely apply installment payments to the defendants' account. The debtors argue further that under 11 U.S.C. § 365 and the broad purpose of the Bankruptcy Code, these technical defaults may be cured and should not subject the debtors to an adversary proceeding requesting relief from the automatic stay. While this argument has appeal, such is not the state of the law.

11 U.S.C. § 362 does not condition relief from the automatic stay on the fact that there has been a default by a debtor, although this is typically the case. Section 362(d)(2) provides that the Court *shall* grant relief from the stay if

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization."

In the instant case, the debtor is proceeding under Chapter 7 of the Bankruptcy Code. Accordingly, a reorganization is not contemplated by the debtors. As stated above, the debtors have admitted that there is no equity in the subject property. Accordingly, relief from the automatic stay is mandated because the conditions set forth in § 362(d)(2) of the Bankruptcy Code have been met. See *In re Edward Jefferson Hart, Jr.* (*GMAC v. Edward Jefferson Hart, Jr.*), 5 B.R. 524 (Bkrtcy.C.N.D.Ga., 1980).

Therefore, for the above-stated reasons, the plaintiff's complaint for relief from the automatic stay is granted, and the plaintiff is permitted to repossess and foreclose upon its security interest in a certain 1980 Oldsmobile Cutlass automobile, Vehicle Identification No. 3M47FAD450599.

IT IS SO ORDERED.