**In re W. Robert ANDERSON and Virginia A. Anderson.**

**W. Robert ANDERSON and Virginia A. Anderson, Appellants,**

v.

**FARM CREDIT BANK OF ST. PAUL, Appellee.**

**No. 89–5173.**

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1990.

Decided Sept. 6, 1990.

Sheldon A. Smith, Bismarck, N.D., for appellants.

Michael G. Sturdevant, Minot, N.D., for appellee.

Before McMILLIAN and BEAM, Circuit Judges, and LARSON,* Senior District Judge.

LARSON, Senior District Judge.

W. Robert Anderson and Virginia R. Anderson appeal from the district court's [1] order granting Farm Credit Bank of St. Paul relief from the Bankruptcy Code's automatic stay pursuant to section 362(d)(2) of the Code. We affirm the district court's order.

The Andersons own a grain farm in central North Dakota. They obtained two loans from the bank,[2] which were secured by two separate parcels of farmland. The smaller loan has been delinquent since May, 1984. The larger loan has been delinquent since July, 1985, when the Andersons paid the January 1, 1985 installment. The bank commenced foreclosure actions in 1986, but did not obtain foreclosure judgments until May, 1988. The bank scheduled a sheriff's sale for June, 1988.

The sale was canceled when the Andersons filed a Chapter 12 bankruptcy petition in Texas.[3] In October, the Andersons voluntarily dismissed their Texas petition in response to motions to dismiss based on the amount of the Andersons' farming and hangar-related debt.[4] The bank scheduled a second sheriff's sale, which was cancelled when the Andersons filed a Chapter 11 petition in

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Patrick A. Conmy, Chief Judge, United States District Court for the District of North Dakota.

2. Farm Credit Bank of St. Paul had taken over the loans as successor in interest to the Federal Land Bank of St. Paul.

3. Robert Anderson had been involved in a hangar building business in Texas and had spent substantial time there for several years.

4. The Andersons' combined debt exceeded $1.5 million dollars.

North Dakota. As of the date of their Chapter 11 filing, the Andersons owed the bank and the FmHA a total of $1,453,238, which was secured by land valued at $1,030,500.

On November 23, 1988, the bank moved for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2). The Andersons filed a response in opposition, and a hearing was held before the bankruptcy court on December 12, 1988. At the hearing, Virginia Anderson testified that the land was needed for a successful reorganization. She also testified generally that her relatives would give her money "with no strings attached" to help her reorganize if the amount required was "in the range" of the "very little or a small amount of value" placed on the business as a going concern by the bank's witness, Darrell Olson.[5]

The bankruptcy court[6] lifted the stay. The Andersons appealed to the district court. The district court affirmed the bankruptcy court's decision, holding that the debtors had failed to come forward with sufficient evidence to show any realistic prospect of effective reorganization. This appeal followed.

When a bankruptcy petition is filed, section 362(a) provides an automatic stay of a broad range of actions, including any act to enforce a judgment or to realize the value of collateral given by the debtor. 11 U.S.C. § 362(a). Creditors such as the bank in this case may seek relief from the stay under section 362(d). Section 362(d) requires the court to grant relief from a stay of "an act against property" if the debtor does not have equity in the property and the property is not necessary to an effective reorganization. *Id.* § 362(d)(2).

■ It is undisputed that the Andersons have no equity in the secured property and that the bank has met its burden of proof on this issue. *See Id.* § 362(g)(1). The burden thus shifted to the Andersons to establish that the property was necessary to an effective reorganization. To meet this burden, the Supreme Court's decision in *United Savings Association v. Timbers*, 484 U.S. 365, 376, 108 S.Ct. 626, 632, 98 L.Ed.2d 740 (1988), requires the Andersons to show there is "a reasonable possibility of a successful reorganization within a reasonable time."

■ The sole issue on appeal is whether the Andersons have met their burden. The bank has consistently stated its intention to oppose any reorganization. Under the absolute priority rule, a court may not confirm a reorganization plan over the objections of the bank unless the holders of junior claims (in this case, the Andersons) receive no property. *See* 11 U.S.C. § 1129(b)(2)(B)(ii); *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 200–01, 108 S.Ct. 963, 965–66, 99 L.Ed.2d 169 (1988). The Andersons effectively concede that a plan which allows them to keep their land would violate the absolute priority rule, because they cannot provide property to creditors equal to the value of the creditors' claims. *See* 11 U.S.C. § 1129(b)(2)(B)(i); *Ahlers*, 485 U.S. at 202, 108 S.Ct. at 966.

The Andersons argue, however, that they can still propose a plan which has a reasonable probability of success because they intend to contribute "money or money's worth" reasonably equivalent to the value of their farm as an ongoing concern. *See Ahlers*, 485 U.S. at 202–03 & n. 3, 108 S.Ct. at 966–67 & n. 3; *Case v. Los Angeles Lumber Products Co.*, 308 U.S. 106, 121–22, 60 S.Ct. 1, 10, 84 L.Ed. 110 (1939). The district court recognized the continuing validity of the "new value" exception to the absolute priority rule, but concluded the Andersons' vague testimony concerning the contribution by unnamed relatives of an unspecified amount of money was insuf-

---

**5.** Olson testified in response to cross-examination by counsel for the Andersons that the farm as a business had very little or no going concern value. Olson quantified "little" as "closer to $5,000 than a million dollars."

**6.** The Honorable William A. Hill, United States Bankruptcy Judge for the United States Bankruptcy Court for the District of North Dakota.

ficient to meet their burden of showing a contribution that was reasonably compensable and measurable. *See generally Ahlers*, 485 U.S. at 204–06, 108 S.Ct. at 967–68; *In re Blankemeyer*, 861 F.2d 192, 194 (8th Cir.1988).

■] The Andersons contend on appeal that the bankruptcy court erred in not giving them more time to prepare their case. They note that the bank filed for relief from the stay almost immediately upon the Andersons' filing for bankruptcy. We agree that bankruptcy courts should demand less detailed showings during the four months in which the debtor is given the exclusive right to put together a plan, *see* 11 U.S.C. § 1121(b) & (c)(2), to ensure the debtor is given the breathing room Congress intended the stay to provide. *See generally* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 340 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6296–97. But in this case, the Andersons had known of the bank's efforts to foreclose since 1986, and had filed a Chapter 12 petition in Texas over six months prior to the bankruptcy court's hearing.

In determining whether debtors have made a sufficient showing under section 362, each case must be decided on its own particular facts. Under the facts presented in this case, we agree with the district court that the Andersons failed to meet their burden under *Timbers*. *See* 484 U.S. at 375–76 & n. 2, 108 S.Ct. at 632–33 & n. 2. The judgment of the district court is affirmed.