In re Arnold F. **MORRIS**, Debtor.

**SWIM INDUSTRIES CORP.**, Appellant,

v.

Arnold F. **MORRIS**, Appellee.

No. 92–1149–CIV–T–17–C.

United States District Court,
M.D. Florida,
Tampa Division.

April 27, 1993.

Jawdet I. Rubaii, Law Office of Jawdet I. Rubaii, Clearwater, FL, for Swim Industries.

Harvey Paul Muslin, Harvey Paul Muslin, P.A., Tampa, FL, for Arnold F. Morris.

### APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA

KOVACHEVICH, District Judge.

This cause is before the Court on appeal from the Order granting Debtor's Motion to Lift Automatic Stay entered on June 24, 1992, by Bankruptcy Judge Thomas E. Baynes, Jr.

### STANDARD OF APPELLATE REVIEW

This Court must review the bankruptcy court's findings of fact by the clearly erroneous standard. Fed.R.Bankr.P. 8013; *see In re Chalik*, 748 F.2d 616 (11th Cir.1984). In comparison, questions of law are accorded a *de novo* review. *In re Carapella*, 115

B.R. 365, 367 (M.D.Fla.1990), *aff'd*, 925 F.2d 1474 (11th Cir.1991). However, in reviewing a decision to lift an automatic stay under 11 U.S.C. § 362(d), the Eleventh Circuit has held that such a finding "may be reversed only upon a showing of abuse of discretion." *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 (11th Cir.1989) (citing *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 814 F.2d 844 (1st Cir.1987); *In re Holtkamp*, 669 F.2d 505 (7th Cir.1982)).[1]

## FACTS

In April of 1992 Swim Industries, Inc. (Swim), Appellant Creditor in this case, won a judgment against Arnold F. Morris (Morris), Appellee Debtor, in state court in excess of 1.5 million dollars. Morris filed for voluntary Chapter 11 Bankruptcy protection on April 27, 1992. Swim filed a Motion to Dismiss the bankruptcy case on the grounds of bad faith on May 4, 1992. On June 17, 1992, Morris filed his Amended Motion to Lift the Automatic Stay (hereinafter "Stay Motion") to proceed with the state court appeal against Swim.[2] Morris filed a Certificate of Service that Swim had been served with the Motion on June 19, 1992. Pursuant to the Local R. Bankr. 2.03(c) (M.D.Fla.), Morris filed a Certificate of Necessity requesting an emergency hearing on his Amended Motion to Lift the Automatic Stay on June 23, 1992. An emergency hearing on that motion was set for June 24, 1992 at 9:00 A.M. Swim's counsel received notice of the emergency hearing at 11:45 A.M. on June 23, 1992.

Counsel for both Morris and Swim attended the emergency hearing.

At the hearing, Swim objected to the proceeding on the grounds that there was no legitimate emergency and that Swim had pending Motions to Dismiss the bankruptcy case. The transcript of the hearing reflects that Judge Baynes did inquire of Morris as to the nature of the emergency. Morris responded that the Court of Appeals for the Second District of Florida had requested notification as to the stance of the bankruptcy proceedings. Morris further responded that should the stay not be lifted before a response to the Second District was submitted that Morris' appeal would be placed in the "dead letter file" of the appellate court.[3] The Judge determined that the circumstances warranted the emergency proceeding.

Swim's only response against Morris' motion was that Swim did not feel that it was fair to hear Morris' Stay Motion before Swim's Motion to Dismiss was heard.[4] However, the bankruptcy court determined that there was sufficient cause to lift the automatic stay for the limited purpose of securing the mandate of the appellate court. Judge Baynes felt that the appellate process should be allowed to continue and that a determination on the appeal would better lead to a complete resolution of the matter. Thereafter, Swim made timely appeal to this Court of Judge Baynes' Order.

## DISCUSSION

This Court has jurisdiction pursuant to 28 U.S.C. § 158. *See also In re Regency*

---

1. But see *In re Kerns*, 111 B.R. 777, 781–82 n. 2 (S.D.Ind.1990) for a cogent argument against a pure abuse of discretion standard on 11 U.S.C. § 362(d) reviews.

2. The motion asked for relief from the stay, after a final hearing, under 11 U.S.C. § 362(d), which reads:
 (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
 (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

 (2) with respect to a stay of an act against property under subsection (a) of this section, if—
 (A) the debtor does not have an equity in such property; and
 (B) such property is not necessary to an effective reorganization.

3. This would apparently result in the case getting pushed to the back of the docket and calendar.

4. Morris added that the resolution of the appeal directly impacted on whether the bankruptcy case could get to confirmation.

*Woods Apartments, Ltd.*, 686 F.2d 899 (11th Cir.1982).[5] The issues presented in this case are, (1) whether the bankruptcy court violated Swim's due process rights by the manner in which conducted the hearing on Morris' Amended Motion to Lift the Automatic Stay, and (2) whether the bankruptcy court abused its discretion in granting Morris' motion under 11 U.S.C. § 362(d).

Appellant Swim contends that its due process rights were violated in various ways by the procedure used by the bankruptcy court in hearing Appellee Morris' Stay Motion. Swim's primary due process contentions are that (1) that its Motion to Dismiss should have been heard before the Stay Motion, (2) that Swim did not receive timely notice of the hearing, and (3) that the hearing was inadequate for the purpose of granting Appellee Morris' Stay Motion.

■ Appellant Swim cites no legal support for its contention that Judge Baynes abused his discretion in hearing Morris' Stay Motion before Swim's Motion to Dismiss, nor did this Court find support for Swim's proposition. This Court does not feel that it is prudent in this case to interfere with the Bankruptcy Court's calendar. The provisions of 11 U.S.C. § 362 concerning lifting the automatic stay imposed by subsection (a) are designed to provide "expedited, summary proceedings." *In re Regency Woods Apartments, Ltd.* 686 F.2d at 902, (citing H.Rep. No. 595, 95th Cong., 2d Sess. 343–44, *reprinted in* 1978 U.S.C.C.A.N. 5787, 6299–300). Those proceedings are intended to allow summary resolution automatic stay issues before final resolution of the bankruptcy case. Further, Local R.Bankr. 2.03(c) (M.D.Fla.), provides for emergency hearings "where direct, immediate and substantial harm will occur to the interest of an entity in property, to the bankruptcy estate, or to the debtor's ability to reorganize if the parties are not able to obtain an immediate resolu-

tion of any dispute." Local Rules 2.03(c). The hearing in question was conducted pursuant to Rule 2.03(c). Thus, it was natural for the emergency hearing to precede Swim's Motion to Dismiss.

This then leads to the question of whether there was a Rule 2.03(c) emergency. The Florida Second District Court of Appeals had required an immediate response concerning the stance of the bankruptcy case. Further, it was contended that should the appeal not be prosecuted immediately that the appeal would be relegated to the Second District's "dead letter file," in essence pushing the appeal to the bottom of the appellate barrel. Perhaps Judge Baynes toed the line of his discretion in allowing an emergency hearing in this case. However, Morris complied with Local R.Bankr. 3.02(c) (M.D.Fla.), filing the Certificate of Necessity and providing Judge Baynes with enough proof of emergency to support the Judge's decision.

■ Appellant Swim's second and third contentions question the sufficiency of the notice and hearing in granting the Stay Motion. Morris' request for relief from the automatic stay was brought under 11 U.S.C. § 362(d). This section allows for relief from the automatic stay for cause "after notice and a hearing." *Id.* The phrase "after notice and a hearing," is defined under as "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). Further, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Timely Secretarial Services, Inc.*, 987 F.2d 1167, 1170 (5th Cir.1993) (finding insufficient notice where aggrieved party

---

5. Although not addressed by the parties, this Court notes that in regard to whether the automatic stay applies to appeals initiated by the debtor, the Second Circuit has directly held that the 11 U.S.C. § 362(a) automatic stay applies to such appeals. *Teachers Ins. & Annuity Ass'n of*

*America v. Butler*, 803 F.2d 61, 65 (2d Cir.1986); *see also Association of St. Croix Condominium Owners v. Saint Croix Hotel*, 682 F.2d 446, 449 (3d Cir.1982), *cited with approval in Ellison v. Northwest Engineering Co.*, 707 F.2d 1310, 1311 (11th Cir.1983).

received notice of the hearing only *after* the proceeding had begun) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1960)).

The "particular circumstances" of the instant case include Appellant Swim's notice of Morris' Stay Motion on June 19, 1992, as well as the telephonic notice Swim received the day before the hearing. Further, Appellant Swim was well aware that the state court appeal was pending and that Appellee Morris was actively trying to pursue the appeal.

At the hearing, Appellant Swim made its objections and was allowed to argue its position against the emergency hearing as well as against Morris' Stay Motion. Swim received no greater and no lesser rights in the hearing than did Morris. Moreover, Swim never made a request of the bankruptcy court to allow it to submit further evidence in support of its position. Finally, this Court notes that the proceeding was conducted under Local R.Bankr. 3.02(c) (M.D.Fla.) as an emergency hearing.

Based on the circumstances of the case, this Court finds that Swim's due process rights were not violated. *See Mitsubishi Motors v. Soler Chrysler–Plymouth*, 814 F.2d 844 (1st Cir.1987) (stay lifted without hearing under special circumstances of the case); *In re River Hills Apartments Fund*, 813 F.2d 702 (5th Cir.1987) (finding that hearing need not be held in order to lift stay in every 11 U.S.C. § 362(d) case, however, noting that aggrieved party was not damaged by the order).

 Appellant Swim further argues that Judge Baynes' abused his discretion in granting Morris' Stay Motion. Swim grounds this claim on the contention that Morris did not present evidence in support of his Stay Motion and that therefore "the Appellee [Morris] did not bear his burden of proof to lift the automatic stay." Swim, however, is mistaken. Subsection (g), 11 U.S.C. § 362, specifically provides that:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

> (2) *the party opposing such relief has the burden of proof on all other issues. Id.* (emphasis added).

Swim was the party opposing relief in an 11 U.S.C. § 362(d) hearing. There was no question as to the "debtor's equity in property." Swim bore the burden of showing why relief shouldn't have been granted to Morris. This Swim failed to do. The record reflects that Judge Baynes preferred to allow the state court proceedings to proceed. Such proceedings would benefit the debtor and not unduly harm the creditor. Further, the state court appeal would help lead the bankruptcy case to a conclusion. This Court cannot find that Judge Baynes' June 24, 1992 order amounted to an abuse of discretion. *See In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989); *see also Mitsubishi Motors v. Soler Chrysler–Plymouth*, 814 F.2d 844 (1st Cir. 1987); *In re River Hills Apartments Fund*, 813 F.2d 702 (5th Cir.1987); *In re Highway Truck Drivers & Helpers Local Union 107*, 98 B.R. 698 (E.D.Pa.1989).

## CONCLUSION

For the aforementioned reasons, the June 24, 1992 Order of the Bankruptcy Court will be affirmed. Accordingly, it is

**ORDERED** that the Bankruptcy Court's Order granting Morris relief from the 11 U.S.C. § 362(a) automatic stay is **AFFIRMED**. The Clerk of the Court is directed to enter judgment with this Order.

**DONE AND ORDERED.**