**In re Jay Worley KINGSLEY and Charlene Kay Kingsley, Debtors.**

**Bankruptcy No. 93–30108–SW–ABF.**

United States Bankruptcy Court, W.D. Missouri.

Jan. 5, 1994.

---

Jay and Charlene Kingsley, debtors, pro se.

Gregory J. Powell, Roberts, Fleischaker, Williams & Powell, Joplin, MO, for Agribank.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Agribank, FCB ("Agribank") moved this Court to lift the automatic stay on 933 acres of real estate. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons set forth below, I terminate the automatic stay as to the 933 acres of real estate.

## FACTUAL BACKGROUND

Agribank obtained a default judgment against debtors in the Circuit Court of Lawrence County, Missouri on May 1, 1992, in the original amount of $382,148.38. Agribank proceeded to execute against all personal and real property of the debtors. Debtors filed a bankruptcy petition under Chapter 12 of the Bankruptcy Code ("Code") on March 16, 1993. Agribank and the Chapter 12 trustee moved this Court to dismiss the bankruptcy or convert the case to one under Chapter 7 of the Code. Following a hearing on this matter on July 29, 1993, this Court found debtors had committed fraud in connection with the case, and, therefore, converted the case to Chapter 7. 11 U.S.C. § 1208(d). The conversion to Chapter 7 has since been affirmed by the District Court.

Debtors' amended bankruptcy schedules list as an asset of the estate 933 acres of real property (the "Farm") in Lawrence County, Missouri described as follows:

**Tract No. 1:** The south half of the southeast quarter of Section 13, Township 29, Range 28; and the south half of Lot 2 of the southwest quarter of Section 18, Township 29, Range 27, Lawrence County, Missouri.

**Tract No. 2:** The north half of the southwest quarter of Section 18, Township 29, Range 27, Lawrence County, Missouri.

**Tract No. 3:** The north half of the southwest quarter of Section 22, Township 29, Range 27, Lawrence County, Missouri.

**Tract No. 4:** The east half of the southwest quarter of Section 20, Except the south 420 feet thereof; the northwest quarter of Section 18; the southeast quarter of Section 21; Lot 1 of the southwest quarter of Section 6; the north half of Lot 2 of the southwest quarter of Section 6; the west ¼th of the west half of the southeast quarter of Section 6; and the east half of the northeast quarter of Section 28, Except a 2 acre tract of land in the southwest corner thereof; All in Township 29 north, Range 27 west of the Fifth Principal Meridian. Also, the East half of the northeast quarter of Section 13, in Township 29 north, Range 28 west of the Fifth principal Meridian, all being located in Lawrence County, Missouri.

Bank's Exh. # 4. Debtors' schedules list the value of the Farm to be $374,741.00. *Id.* The schedules also indicate that the First National Bank of Mount Vernon has a secured claim against the Farm in the amount of $337,456.00. The judicial lien of Agribank is a junior lien on such real estate.

A hearing on Agribank's motion was held on December 23, 1993. At that time, the Chapter 7 trustee stipulated that there is no equity in the Farm and informed the Court of his intent to abandon the property. Debtors appeared *pro se* and objected to Agribank's motion to lift stay, claiming they had satisfied their debt to Agribank.

## DISCUSSION

The automatic stay, which mandates that each and every creditor of the debtor cease

all collection efforts and foreclosure actions upon the filing of the bankruptcy petition, is one of the fundamental bankruptcy protections provided by the Code. Section 362(a) of the Code defines the scope of the automatic stay and provides in relevant part:

> (a) Except as provided in subsection (b) of this section, a petition filed under ... this title ... operates as a stay, applicable to all entities, of—
>
> .  .  .  .  .
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

11 U.S.C. 362(a)(2). However, the Code permits creditors to obtain relief from the stay if their interests would be harmed by its continuation. Section 362(d) sets forth the requirements for a creditor to obtain relief from the automatic stay and provides in relevant part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> .  .  .  .  .
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. 362(d)(2). This case was converted from Chapter 12 to Chapter 7 on July 29, 1993, so the Farm is no longer necessary for an effective reorganization. *Rocket City Federal Credit Union v. Kennemer (In re Kennemer)*, 143 B.R. 275, 280 n. 10 (N.D.Ala. 1992); *General Motors Acceptance Corp. v.*

*Lyons (In re Lyons)*, 19 B.R. 66, 67 (Bankr. N.D.Ga.1982); 11 U.S.C. 362(d)(2)(B). Therefore, the only issues remaining are whether Agribank has a valid lien against the Farm, and whether debtors have equity in the Farm.

Agribank introduced into evidence a legal description of the Farm which indicates that it is located in Lawrence County, Missouri. *See* Bank's Exh. # 4. Agribank also introduced into evidence a certified copy of a judgment issued in the Circuit Court of Lawrence County, Missouri (Case No. CV0387-000264CC) on May 1, 1992. Bank's Exh. # 2. The judgment indicates it was issued against Charlene K. Kingsley and Jay W. Kingsley, the plaintiffs in the Lawrence County action, and provides as follows:

> Judgment in favor of Federal Land Bank/ Farm Credit Bank [1] on counts 2, 3, and 4. On Defs. counterclaim in the amount of $387,148.38 with interest from 5/1/92 at 13.5% per annum.

*See id.* The exhibit was admitted over debtors' objection. Agribank also introduced into evidence, over debtors' objection, a "Judgment Worksheet" indicating the balance due on its judgment debt as of December 23, 1993, to be $480,451.73. The worksheet showed a mathematical calculation of the accrual of interest on the judgment of $387,148.38 at 13.5% per annum. Missouri law provides that judgments rendered by any circuit court in a county shall be liens on any real estate of the person against whom the judgment is rendered located in said county. Mo.Stat.Ann. § 511.350 (Supp.1993).[2]

The debtors appeared *pro se* and offered no grounds for their objections to these exhibits. Thus, the Court has an uncontested, certified copy of a judgment rendered by the Circuit Court of Lawrence County, Missouri. Under Missouri law, I find that Agribank has a valid judgment lien against any real estate owned by debtors located in Lawrence County, Missouri.

---

**1.** Agribank, FCB is the successor in interest to Federal Land Bank/Federal Credit Bank.

**2.** I note in passing that there is some confusion as to whether a judgment lien arises automatically in Missouri in the county in which the judgment is rendered, or whether the judgment must first be recorded by the clerk of the court within five days of the rendition of any final judgment.

Compare Mo.Stat.Ann. § 511.350 (Supp.1993) with Mo.Stat.Ann. § 511.510 (Supp.1993). That confusion does not impact on the issue here, as the judgment was issued in Lawrence County on May 1, 1992, and became a judgment lien upon any property of debtors located in Lawrence County no later than May 5, 1992.

Agribank next introduced into evidence a proof of claim filed with this Court on March 26, 1993, indicating it has a secured claim in this bankruptcy in the amount of $432,923.16. Debtors objected to this exhibit claiming it was "phoney." The exhibit was admitted over debtors' objection. While debtors presented no credible evidence in this proceeding,[3] they did testify that the amount of Agribank's claim is disputed for the following reasons: (1) the original loan in 1979 was for $292,000.00, and (2) debtors paid $313,000.00 when the property was redeemed following foreclosure in 1989.[4] Debtors never denied obtaining the original loan from Agribank in 1979 or defaulting on said loan thereafter. Based upon the evidence introduced, I find that Agribank has a valid judgment lien secured by the Farm in the amount of $480,451.73.

The only remaining issue is whether debtors have equity in the Farm. Debtors' amended bankruptcy schedules list the value of the Farm at $374,741.00. Bank's Exh. # 4. The schedules also list First National Bank of Mt. Vernon, Missouri as a secured creditor with a secured claim of $337,456.00. *Id.* I have already found that Agribank has a valid judgment lien secured by the Farm in the amount of $480,451.73. The Chapter 7 trustee stated his intention to abandon the Farm. He also stipulated to the fact that the estate has no equity in the Farm. The debtors also stated they did not believe there was equity in the Farm.[5] Agribank has sustained its burden of proof that debtors have no equity in the property. *Anderson v. Farm Credit Bank (In re Anderson)*, 913 F.2d 530, 532 (8th Cir.1990); *Ahlers v. Norwest Bank Worthington (In re Ahlers)*, 794 F.2d 388, 397 (8th Cir.1986) *rev'd on other grounds Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988); *In re Food Barn Stores, Inc.*, 159 B.R. 264, 267 (Bankr.W.D.Mo.1993); *Germania Bank v. Lindbergh Plaza Assoc., L.P. (In re Lindbergh Plaza Assoc., L.P.)*, 115 B.R. 202, 207 (Bankr.E.D.Mo.1990). Based upon this record, I find debtors have no equity in the Farm, and the Farm is not necessary to an effective reorganization. I, therefore, terminate the automatic stay as to the Farm pursuant to section 362(d)(2). Agribank is free to begin foreclosure proceedings and apply the proceeds from said foreclosure sale pursuant to applicable law.

An Order in accordance with this Memorandum Opinion will be issued this date.

---

**3.** Debtors made a number of unsubstantiated and outrageous remarks during the presentation of their case. There is no need to dignify such remarks by detailing them here. Suffice it to say the debtors, who fired their counsel and elected to proceed *pro se*, offered no credible evidence in opposition to Agribank's motion.

**4.** In previous proceedings involving these same parties, Agribank stated that the balance due on its claim was $545,000.00 at the time of the foreclosure, reflecting principal, accrued interest, costs, and penalties. After applying the $313,000.00 redemption price to said debt there was a deficiency claim in the sum of $233,000.00 in 1989. That sum continued to accrue interest and penalties until the default judgment for $387,000.38 on May 5, 1992. Since the date of that judgment, interest has continued to accrue at the rate of 13.5% per annum resulting in a current balance of $480,451.63.

**5.** Debtors stated the value of the Farm is depressed by the fact the CRP enhancement loan is through the First National Bank of Mt. Vernon, Missouri, therefore, the First National Bank of Mt. Vernon, Missouri is the recipient of the CRP payments. Debtors seem to feel the payments will continue to be made to said bank no matter who actually owns the underlying property. Again debtors introduced no evidence of this contract.