In re Mary Joyce PRESTWOOD, Debtor.

Mary Joyce PRESTWOOD, Appellant,

v.

UNITED STATES of America, Appellee.

Civ. A. No. 94–A–1500–N.

United States District Court,
M.D. Alabama,
Northern Division.

Aug. 1, 1995.

Collier H. Espy, Jr., Espy & Metcalf, Dothan, AL, for Mary Joyce Prestwood.

Patricia Allen Conover, Redding Pitt, U.S. Atty., Montgomery, AL, for U.S.

Kenneth R. Jones, Georgiana, AL, for Kenneth R. Jones.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### I. INTRODUCTION

This cause is before the court on appeal from the final judgment entered by the United States Bankruptcy Court for the Middle

District of Alabama, in favor of the appellee, the United States of America, on October 20, 1994. The court has jurisdiction pursuant to 28 U.S.C. § 158.[1]

After independently reviewing the record, the briefs, and the documents submitted by the parties, this court finds that the decision of the bankruptcy court is due to be affirmed.

### II. STATEMENT OF THE CASE

The debtor, Mary Joyce Prestwood, owned jointly with her husband approximately 880 acres of land in Coffee County, Alabama, which they mortgaged to the United States of America, Farmers Home Administration ("FHA").

Prestwood and her husband defaulted on their mortgage payments for a number of years.

One week before a scheduled foreclosure sale, Prestwood's husband filed a petition for bankruptcy under Chapter 11.[2]

FHA postponed the sale for approximately one month, apparently after discovery of an imperfection in the published notice of sale. The sale was reset for September 1, 1994.

On September 1, 1994, about one hour before the sale was scheduled to take place, Prestwood filed a petition in bankruptcy under Chapter 7.

Prestwood admittedly filed the petition in bankruptcy at the "eleventh hour" in order to postpone the sale long enough so that she could obtain funds to bid at the sale. However, the foreclosure sale occurred as scheduled, and a third party purchased the land.

FHA then filed a motion to annul the automatic stay of the foreclosure sale resulting from the bankruptcy filing, so that the sale would not be violative of that stay. After the bankruptcy court held a hearing on September 26, 1994, the bankruptcy court entered an order on September 27, 1994, granting FHA's motion to annul the stay pursuant to 11 U.S.C. § 362(d).

---

**1.** Jurisdiction lies pursuant to 28 U.S.C. § 158, which provides that the district courts of the United States "shall have jurisdiction to hear appeals from final judgments, orders, and decrees ... of bankruptcy judges." 28 U.S.C. § 158.

**2.** The husband voluntarily converted the Chapter 11 case to Chapter 7 on October 6, 1994.

On September 27, 1994, Prestwood filed a motion to reconsider the order annulling the automatic stay. On October 18, 1994, the bankruptcy court held a hearing on the motion to reconsider.

On October 20, 1994, the bankruptcy court entered a memorandum opinion and order on the motion for reconsideration. Upon reconsideration, the bankruptcy court upheld the September 27, 1994, order annulling the stay of the foreclosure sale. Additionally, the bankruptcy court held that the stay against commencement or continuation of an action by FHA to collect any deficiency on the debt would continue as provided by 11 U.S.C. § 362(c)(2).

On October 28, 1994, Prestwood timely filed notice of appeal.

### III. ISSUE ON APPEAL

The sole issue on appeal is whether the bankruptcy court abused its discretion when it annulled the automatic stay.

### IV. STANDARD OF REVIEW

An order on a motion for relief from the automatic stay under 11 U.S.C. § 362(d) is reviewed for abuse of discretion. *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 (11th Cir.1989), *cert. denied*, 493 U.S. 853, 110 S.Ct. 154, 107 L.Ed.2d 112 (1989); *In re Morris*, 153 B.R. 588 (M.D.Fla. 1993). To find an abuse of discretion, the appellate court must find that, on an examination of the record as a whole, the actions complained of adversely affected the substantial rights of the complaining party. *Box v. Swindle*, 306 F.2d 882 (5th Cir.1962).[3]

A district court reviews the bankruptcy court's factual findings under the limited and deferential clearly erroneous standard. *In re Club Associates*, 951 F.2d 1223, 1228 (11th Cir.1992); *see also* Fed.

R.Bankr.P. 8013 [4]; *In re Fielder*, 799 F.2d 656, 657 (11th Cir.1986); *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir.1990); *In re Goerg*, 930 F.2d 1563, 1566 (11th Cir.1991); *In re Thomas*, 883 F.2d 991, 994 (11th Cir.1989), *cert. denied*, 497 U.S. 1007, 110 S.Ct. 3245, 111 L.Ed.2d 756 (1990) (the standard of review utilized by the court of appeals is the same as that utilized by the district court—factual findings of the bankruptcy court cannot be set aside unless they are clearly erroneous). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (citation and internal quotation marks omitted).

In contrast, a reviewing district court is not bound by the bankruptcy court's conclusions of law. *In re Fielder*, 799 F.2d at 657. A district court may examine the applicable principles of law to determine whether they were properly applied and whether they support the findings of the bankruptcy court. *Id.; see also In re Empire For Him, Inc.*, 1 F.3d 1156, 1159 (11th Cir.1993).

### V. DISCUSSION

Section 362 of the Bankruptcy Code provides for an automatic stay of litigation, lien enforcement, and other actions, which would affect or interfere with property of the debtor or the bankruptcy estate upon the filing of a bankruptcy petition. 11 U.S.C. § 362; 2 Collier on Bankruptcy ¶ 362.01, at 362–9 (15th ed. 1995). The automatic stay is one of the fundamental debtor protections provided by the Bankruptcy Code, which gives the debtor "a breathing spell from his creditors." *See* H.R.Rep. No. 595, 95th

---

3. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4. Fed.R.Bankr.P. 8013 provides as follows:

On appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Cong., 1st Sess., reprinted in 1978, U.S.Code Cong. & Admin.News, 5787, 6296–7.

■ The Bankruptcy Code allows creditors to obtain relief from the automatic stay if their interest would be harmed by its continuation. *See In re Kingsley*, 161 B.R. 995, 997 (Bankr.W.D.Mo.1994). Section 362(d) of the Bankruptcy Code, which sets forth requirements for lifting the automatic stay, provides as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

■ In the instant case, Prestwood contends that the bankruptcy court abused its discretion when it annulled the automatic stay even though governmental agents, who had been notified that Prestwood had filed a bankruptcy petition, had "willfully violated" the stay. Although Prestwood concedes that she does not have any equity in the property, Prestwood submits that the enforcement of the automatic stay, whereby the foreclosure sale would be set aside, would provide a final opportunity for Prestwood to obtain funds to purchase the property at a subsequent foreclosure sale. The FHA counters that the bankruptcy court properly annulled the automatic stay under 11 U.S.C. § 362(d)(2) because Prestwood had no equity in the property at issue and the property was not necessary for reorganization.[5]

■ Within the context of § 362(d), equity is defined as the difference between the value of the subject property and the encumbrances against it. *Matter of Sutton*, 904 F.2d 327, 329 (5th Cir.1990) (citations omitted). It is undisputed that Prestwood does not have any equity in the property in question.[6] Therefore, the bankruptcy court correctly held that the conditions under 11 U.S.C. § 362(d)(2)(A) had been satisfied.

■ The remaining question before the court is whether the bankruptcy court erred when it held that property in question was not necessary to an effective reorganization. *See* 11 U.S.C. § 362(d)(2)(B). Prestwood seeks liquidation under Chapter 7. Because Prestwood's legal reorganization is not at issue, the bankruptcy court correctly held that the property is not necessary to reorganization. *See In re Kennemer*, 143 B.R. 275, 280 n. 10 (N.D.Ala.1992) (wherein the court stated that in Chapter 7 cases, the court abandons the requirement of 11 U.S.C. § 362(d)(2)(B), as the debtors' legal reorganization is not at issue); *see also In re Lyons*, 19 B.R. 66, 67 (Bankr.N.D.Ga.1982); *In re Kingsley*, 161 B.R. 995 (Bankr.W.D.Mo. 1994); 11 U.S.C. § 362(d)(2)(B).

■ Additionally, the court agrees with the bankruptcy court's conclusion that the annulment did not prejudice Prestwood because Prestwood's financial status would preclude her from making a meaningful bid on the property at a foreclosure sale. The bankruptcy court found that despite the expiration of seven weeks since the filing of the petition in bankruptcy, Prestwood did not have the funds necessary to buy the property at a foreclosure sale, nor had she shown that

---

**5.** Upon reconsideration, the bankruptcy court found that "Farmers Home is admittedly entitled to relief from the stay under 11 U.S.C. § 362(d)(2) because the debtor does not have an equity in the property and the property is not necessary to an effective reorganization." (Footnotes omitted).

**6.** The bankruptcy court noted that at the time of the foreclosure sale, the debtor and her husband owed approximately $1,000,000.00 on the mortgage debt. However, the value of the debtor's undivided one-half interest in the land is approximately $350,000.00. Because the amount due under the mortgage note exceeds the fair market value of the property at issue, the bankruptcy court correctly held that Prestwood had no equity in the property. *See In re Hinchliffe*, 164 B.R. 45 (Bankr.E.D.Pa.1994).

she would have been able to obtain the requisite funds had the sale been rescheduled.[7] Additionally, Prestwood, who conceded that she was unable to purchase the entire 880 acres, failed to demonstrate that she could purchase less than the entire 880 acres if a new foreclosure sale were held. Reviewing for clear error the bankruptcy court's finding that Prestwood would not be able to obtain financing to buy the property, the court finds none. Therefore, the court finds that the annulment did not prejudice Prestwood.

Because Prestwood has no equity in the property at issue, and the property is not necessary to an effective reorganization, the court finds that the bankruptcy court did not abuse its discretion in annulling the automatic stay pursuant to 11 U.S.C. § 362. Therefore, the bankruptcy court's judgment is due to be affirmed.

### VI. CONCLUSION

For the foregoing reasons, the judgment entered by the bankruptcy court on October 20, 1994, is hereby AFFIRMED.

---

**7.** The bankruptcy court stated that "Even if Farmers Home had rescheduled the sale in order to obtain relief from the stay, the debtor has not shown that she would have been able to obtain the requisite funds."