**In re Dwight C. McCRACKEN, dba McCracken Trucking and Excavating, Debtor.**

**Mary Winn (McCracken) GATCH Movant,**

v.

**Dwight C. McCRACKEN, Respondent.**

**Bankruptcy No. 1–88–02016.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Dec. 21, 1988.

Richard L. Goettke, Blanchester, Ohio, for respondent.

Stephen C. Crowe, Milford, Ohio, for movant.

Charles M. Caldwell, Asst. U.S. Trustee, Cincinnati, Ohio.

## DECISION and ORDER ON: 1) MOTION TO DISMISS, and 2) MOTION FOR RELIEF FROM STAY

### BURTON PERLMAN, Chief Judge.

Respondent herein is the debtor in the related Chapter 11 case. Respondent does business as McCracken Trucking and Excavating, such business being a proprietorship. Respondent and movant are former spouses, now divorced. The Chapter 11 case was filed as a direct result of the provisions of the divorce decree entered by the Domestic Relations Court of Clermont County, Ohio.

Movant seeks to have the Chapter 11 case dismissed for reasons which we will hereafter examine. In addition, movant filed a motion for relief from stay so that she may pursue her remedies in the Domestic Relations Court, because respondent is in default for certain of his obligations under the divorce decree.

As part of the record on the motions here before us, evidence of extensive proceedings in the state court in connection with the divorce are offered. There is a Report of the Referee filed November 27, 1987. That report states that the matter at hand came on for final hearing, and evidence was introduced which was evaluated by the Refereee. As background, the Referee relates that the parties were married November 10, 1973. There were no children. The parties separated August, 1986 and have maintained separate households since then. "The parties' marital estate consists primarily of real estate holdings and a privately-owned business which has been built up during marriage through efforts of both parties. Both parties take great pride in the success of this business and can attribute much of said success to their personal labor and dedication." "During the course of final hearing, the parties were able to reach an agreement with respect to the division of their household goods and other items of personal property. This agreement was set forth on the record and shall be deemed fair and equitable to both parties."

The report concluded with extensive recommendations by the Referee. The Referee valued and opined that the 999 parcel of real estate, the airport parcel, the marital residence, and a condominium, should be regarded as marital property to be included within the estate. He then recommended, after hearing evidence by way of testimony of experts, that the business be valued at a fair market value of $600,-000.00. The Referee recommended that the business "be set off to husband free and clear of any claim to wife ..." The Refereee recommended that husband execute a note to wife in the amount of $260,-950.00 to be repaid with interest at 10%, in two equal installments due on the sixth month and first year anniversary dates of the decree. In addition, movant wife was

to benefit from certain collateral to secure her interest in the business.

The present respondent made objections before the Judge to whom the report of the Referee was transmitted. Such objections went to valuations, including that of the business, but such objections were overruled. Indeed, the Judge in his order set the value of the business higher than did the Referee, at $675,000.00. The foregoing appeared in a decision issued by the state court Judge on March 7, 1988. A Decree of Divorce was then entered April 11, 1988. The Decree, in addition to granting the divorce, made detailed disposition of the property of the parties.

Thus, each party was ordered to transfer a vehicle to the other. The present respondent, there husband, was ordered to pay $3,200.00 to his wife "to apply to the arrearage in temporary alimony, within thirty (30) days of entry of this Decree." The order extended to certain jewelry which was awarded to wife, and the husband was ordered to turn it over to wife. In addition, the order dealt with the disposition of personal property, each party to retain that then in his or her control, except that husband was required to deliver certain specified personal property to wife. Next, the order provided that husband was to convey title to real estate at 4468 School House Road, wife to assume the first mortgage lien thereon. Further, husband was required to convey title to real estate at Airport Drive–College Drive in Batavia, Ohio, with wife to assume the first mortgage lien thereon. Wife, on the other hand, was ordered to convey title to real estate at Stonelick–Williams Corner Road in Clermont County, Ohio, to husband.

The Decree then, para. 15, provided that husband was awarded the business known as McCracken Trucking and Excavating with the assets thereof, as specified in an attached exhibit. Husband was to assume all debts and obligations of the business "which both Plaintiff and Defendant are presently obligated to pay, holding Defendant harmless thereon." The next provision, para. 16, ordered that husband pay wife $322,850.00, that sum to bear interest from the date of the Decree at the rate of 10% per annum compounded monthly. Husband was required to execute a promissory note to evidence that obligation, the note to be paid in two equal installments of principal and interest payable six months and one year after the entry of the Decree. The Decree, at para. 17, then expressly provided that to secure the payment of the amount just stated, $322,850.00, husband was to execute a mortgage in favor of wife on certain real estate described as Lot # 45 of Heatherstone Subdivision in Clermont County, Ohio, a legal description thereof being provided, with wife also to have a mortgage lien on all of the assets of the business specified in the Decree.

In addition, the Decree ordered that husband pay the account at Sears Roebuck upon which both parties were obligated. Finally, the Decree contained a provision that husband was to pay the sum of $18,607.85 to wife "to apply on her attorney fees and expenses herein, within thirty (30) days of entry of this Decree." Husband was also to pay the court costs.

On May 12, 1988 movant herein filed a motion for contempt in the Domestic Relations Court against her former husband, the present respondent, alleging that he had failed to comply with various requirements in the Decree of Divorce. The present respondent then filed this Chapter 11 case in the bankruptcy court on June 1, 1988.

### 1. *The Motion to Dismiss.*

█ Movant says that the present motion to dismiss is based upon several grounds appearing at 11 U.S.C. § 1112(b). She contends that the petition in the bankruptcy case was not filed in good faith; that there is a continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation; and an inability to effectuate a plan. There has been no request for a hearing in this matter.

We have reviewed the extended memorandum of movant herein. We find that it contains many allegations of fact for which this record contains no evidentiary basis.

Likewise, respondent has filed a memorandum in opposition to the motion to dismiss, also containing numerous statements as facts for which we have no basis in evidence.

We have reached the conclusion that we cannot adjudicate the motion to dismiss without an evidentiary hearing. The clerk is directed to set such a hearing. The parties will understand that the scope of the hearing will be limited by our action in respect to the motion for relief from stay which follows hereafter. In addition, the agenda of such a hearing is indicated by the matters dealt with by the court in *In re Markunes*, 78 B.R. 875 (Bankr.S.D.Ohio 1987).

### 2. *The Motion for Relief from Stay.*

■ Not all matters herein should be held in abeyance pending the evidentiary hearing. In this controversy, certain facts are clear without the need for additional evidence. These are that this is a conflict between divorced spouses, and it is not disputed that this bankruptcy case was filed only after the conclusion of extended proceedings in a Domestic Relations Court of Ohio. The present case, then, presents another situation, as is true in the field of tax and labor law, where the policies of bankruptcy law come into collision with those of another body of law deserving of deference. It is fundamental in federal jurisdiction that:

> Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court. *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212 (6th Cir.1981).

It may be seen from statute and case law, however, that while the statement above is a basic principle in federal practice, it cannot be applied absolutely when it is bankruptcy law which presents the federal question. The bankruptcy statute itself at 11 U.S.C. § 523(a)(5), as well as at § 1141(d)(2) and § 1328(a)(2), expressly contemplates the adjustment of alimony and support obligtions in the event of bankruptcy. Cases such as *In re Calhoun*, 715 F.2d

1103 (6th Cir.1983), *In re Lange*, 35 B.R. 579 (Bankr.E.D.Mo.1983), and *In re Markunes, supra*, deal with this interface. In the present case, it is true that the divorce decree deals with a business, and so there is a possibility that the bankruptcy laws should be involved. This we will deal with in the further proceedings to occur in connection with the motion to dismiss.

But it also clear that a number of the provisions of the decree are domestic relations matters. Thus, for instance, in his memorandum in opposition to the motion for relief from stay, respondent attempts to raise a question as to whether the amount of $18,607.85, which respondent was ordered to pay to movant, is in the nature of alimony, arguing that if it is alimony the automatic stay does not apply, and therefore relief is not necessary. The argument is disingenuous, for the advancing of it suggests that an adjudication as to whether that provision of the Decree is in the nature of alimony will be required. That matter is not before this court. The Domestic Relations Court of Ohio has concurrent jurisdiction with this court as to dischargeability matters of this nature. See 28 U.S.C. § 1334(b) and 11 U.S.C. § 523(c). Relief from the stay is necessary in order to make it clear that any such adjudication can proceed in the Domestic Relations Court of Clermont County, Ohio.

Accordingly, the § 362 stay will be lifted with respect to all provisions of the Decree of Divorce other than those contained in paragraphs 15, 16 and 17, that is, the paragraphs which deal with the business, the award of it to respondent, the payment by respondent to movant on account of the business, and the security interests to be given by respondent to movant in connection therewith.

So Ordered.