**In re Richard G. LaCASSE, Debtor.**

**Denise Dodge, formerly Denise LaCasse, Plaintiff,**

**v.**

**Richard G. LaCasse, Defendant.**

**Bankruptcy No. SL 98–01136. Adversary No. 98–88229.**

United States Bankruptcy Court, W.D. Michigan.

Sept. 8, 1999.

## MEMORANDUM OPINION
## AND ORDER

JO ANN C. STEVENSON, Bankruptcy Judge.

### Procedural History

On November 3, 1997, the 30th Judicial Circuit Court entered a Final Judgment of Divorce in the case of Richard G. LaCasse (LaCasse or Debtor) and Denise LaCasse (Plaintiff). On November 17, 1997, the Debtor appealed that divorce judgment. At issue among other matters not relevant here, was a provision in the divorce decree which required that the Debtor directly pay the Plaintiff's attorney $30,000 for fees incurred by the Plaintiff in the divorce. LaCasse then filed Chapter 7 on February 12, 1998. The Plaintiff filed her complaint under 11 U.S.C. § 523(a)(15) seeking a determination that the same provision on appeal in the state court be declared non-dischargeable in the bankruptcy and that Plaintiff's interest in the Debtor's pension as awarded in the divorce decree also be determined nondischargeable under 11 U.S.C. § 523(a)(5).

On December 1, 1998, the Michigan Court of Appeals affirmed the trial court's determination that LaCasse was responsible for his ex-wife's attorney's fees, holding that she would not have been able to proceed with the divorce was it not for the generosity of her attorneys. Believing the Debtor had taken his appeals through the state court as far as he desired, the Bankruptcy Court then issued an opinion in response to a Motion for Summary Judgment filed by the Debtor. Afterwards, this Court discovered that LaCasse had decided to appeal the Michigan Court of Appeals decision to the Michigan Supreme Court. Consequently, we withdrew our opinion but left pending the Summary Judgment Motion until the Debtor exhausted all state court appeals. On July 8, 1999, we were notified that the Michigan Supreme Court denied both the Debtor's leave to appeal, and a motion for reconsideration of the Supreme Court's denial of leave to appeal. We now feel confident that we may proceed with the Debtor's Motion for Summary Judgement without the procedural nightmare that could have ensued had some of the same factual determinations been decided concurrently in state court.

### The Interplay Between Sections 523(a)(5) and (15)

Sections 523(a)(5) and (15) both deal with the nondischargeability of debts arising from or related to divorce. Section 523(a)(5) generally applies to debts owed to a spouse, former spouse, or child of the debtor, for alimony, maintenance, or support in accordance with a separation agreement or divorce decree. In contrast, subsection (15) excepts from discharge those debts incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement or divorce decree which are not alimony, maintenance or support and which the debtor does not have the ability to pay, or if discharged would benefit the debtor

more than it would harm the spouse, former spouse or child. In essence, § 523(a)(15) employs a balancing test. *Patterson v. Patterson, (In re Patterson)*, 132 F.3d 33, 1997 WL 745501 (6th Cir. 1997).

These two sections, however, are not mutually exclusive. For example, a divorce decree might contain a specific provision awarding alimony to the former wife, and also order the former husband to pay a furniture bill which was a joint obligation. While the alimony would most likely be nondischargeable under 11 U.S.C. § 523(a)(5), *(Sorah v. Sorah (In re Sorah)*, 163 F.3d 397 (6th Cir.1998); *Fitzgerald v. Fitzgerald, (In re Fitzgerald)*, 9 F.3d 517 (6th Cir.1993)), the furniture bill might be nondischargeable under § 523(a)(15). And, if the judgment of divorce specifically awarded no alimony, the furniture bill could be nondischargeable under (a)(5) if it were actually in the nature of alimony, maintenance, or support. *Id.* at 520; *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103 (6th Cir.1983). Each section contains other differences.

## TIMELINESS, EXCLUSIVITY, AND CONCURRENT SUBJECT MATTER JURISDICTION

### Timeliness

There is no prescribed time period during which a § 523(a)(5) action must be commenced. Pursuant to § 523(c) and Fed.R.Bank.Pro. 4007(c), a § 523(a)(15) complaint, however, must be filed in the bankruptcy court "not later than sixty days following the first date set for the meeting of creditors held pursuant to § 341(a)."

In this case, the Plaintiff timely filed her complaint in this Court seeking relief pursuant to both §§ 523(a)(5) and (15).

### Concurrent and Exclusive Jurisdiction

28 U.S.C. § 1334(b) establishes the general proposition that state and federal courts have concurrent subject matter jurisdiction over civil proceedings that arise in, under, or are related to a bankruptcy case. Consequently, federal courts have exclusive jurisdiction over the bankruptcy case itself and over the property of the debtor and the estate, but state and federal courts have concurrent jurisdiction in civil proceedings that "arise under" the Bankruptcy Code including the majority of the nondischargeability causes of action created under 11 U.S.C. § 523.

In § 523(a)(5) matters the bankruptcy court has concurrent jurisdiction with state courts. *In re Moralez*, 128 B.R. 526 (Bankr.E.D.Mich.1991); *In re White*, 851 F.2d 170 (6th Cir.1988). However, an exclusive jurisdiction exception to the general rule of concurrent jurisdiction is carved out in 11 U.S.C. § 523(c). This Section, although vaguely drafted, confers exclusive jurisdiction over nondischargeability actions under: § 523(a)(2) relating to debts incurred by fraud; § 523(a)(4) relating to fiduciary misconduct, embezzlement, or larceny; § 523(a)(6) relating to willful and malicious injury; and § 523(a)(15) relating to marital dissolution obligations that do not constitute otherwise nondischargeable alimony, maintenance, or support. *Fidelity National Title Insurance v. Franklin, (In re Franklin)*, 179 B.R. 913 (Bankr.E.D.Cal.1995); *In re Massa*, 217 B.R. 412 (Bankr.W.D.N.Y. 1998).

Notwithstanding the bankruptcy court's exclusive jurisdiction to determine nondischargeability under § 523(a)(15), each time such an issue is raised, the bankruptcy court is not required to start the litigation process anew. The only aspect exclusive to the bankruptcy court is the determination that a particular debt or claim is nondischargeable. For example, assume plaintiff obtains a state court judgment in an action which would have been deemed nondischargeable had the action been tried in the bankruptcy court. After judgment the defendant files Chapter 7 and the plaintiff, in accord with Fed. R.Bank.P. 4007(c) timely files his nondis-

chargeability suit in the bankruptcy court. The bankruptcy court is not required to relitigate the state court action. Rather, the plaintiff need only file a motion for summary judgment based on collateral estoppel. If all the elements have been met, the Supreme Court has instructed that collateral estoppel applies and the motion may be granted. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); *Combs v. Richardson*, 838 F.2d 112 (4th Cir.1988); *Shaw v. Shaw (In re Shaw)*, 210 B.R. 992 (Bankr.W.D.Mich.1997); *In re Kochekian*, 175 B.R. 883 (Bankr.M.D.N.C.1995). Accordingly, all that then remains is for the bankruptcy court to enter the appropriate order of nondischargeability.

*Is the Award of a Portion of Defendant's Pension to Plaintiff Nondischargeable Pursuant to Section 523(a)(5)?*

We know that the Michigan Court of Appeals affirmed the trial court noting that:

> ... defendant has failed to establish that the trial court's factual findings, including its findings as to the valuation of defendant's pension, were clearly erroneous. Nor are we convinced that the property division was inequitable.

*LaCasse v. LaCasse*, No. 207639 (Mich.Ct. App. December 1, 1998).

■ As previously noted, the bankruptcy court has concurrent jurisdiction with state courts regarding § 523(a)(5) issues. *In re Moralez*, 128 B.R. 526 (Bankr. E.D.Mich.1991).

> It is appropriate for the bankruptcy courts to avoid invasions into family law matters "out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters."

*In re White*, 851 F.2d 170, 173 (6th Cir. 1988) (quoting *In re MacDonald*, 755 F.2d 715, 717 (9th Cir.1985)).

Nothing suggests that litigating this nondischargeability issue in state court will have any effect on the administration of this estate. Rather the issue is essentially a private one between the Debtor and his former spouse, and does not involve the trustee, any other creditors, or estate property.

■ "Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir.1981). Several bankruptcy courts have held that "bankruptcy court authority should not be exercised when it is clear that the bankruptcy action is merely a continuation of a previously litigated dispute between divorced spouses." *In re Griffith*, 203 B.R. 422, 425 (Bankr.N.D.Ohio 1996); *Winn v. McCracken (In re McCracken)*, 94 B.R. 467, 470 (Bankr.S.D.Ohio 1988); *Carver v. Carver*, 954 F.2d 1573, 1579 (11th Cir. 1992), *cert. denied*, 506 U.S. 986, 113 S.Ct. 496, 121 L.Ed.2d 434 (1992); *Caswell v. Lang*, 757 F.2d 608 (4th Cir.1985); *In re Newman*, 196 B.R. 700 (Bankr.S.D.N.Y. 1996).

■ Consequently, we defer to the traditional and expert judgment of the state court for the purpose of deciding whether the pension award is in the nature of alimony, maintenance or support and thus nondischargeable. *Sorah v. Sorah (In re Sorah)*, 163 F.3d 397 (6th Cir.1998); *Fitzgerald v. Fitzgerald (In re Fitzgerald)*, 9 F.3d 517, 520 (6th Cir.1993). The state court has jurisdiction to find that the pension award is either nondischargeable pursuant to § 523(a)(5) or dischargeable.

*The Award of Attorney's Fees*

■ We now address § 523(a)(15) and the award of attorney's fees. The October 20, 1997 Judgment of Divorce states:

IT IS HEREBY ORDERED THAT Defendant, Richard G. LaCasse will pay to Mr. Reynolds, Attorney for the Plaintiff, Denise D. LaCasse, for apportionment among Plaintiff, Denise D. LaCasse's counsel, the sum of Thirty Thousand Dollars and No/100 ($30,000.00) within sixty days after the entry of this judgment.

As requested, Plaintiff's counsel has filed and we have reviewed a copy of the Domestic Retainer Agreement. We agree with Plaintiff's counsel that nothing in that Agreement excuses the Plaintiff from liability for her attorney's fees in the event the Debtor fails to pay as ordered in the Judgment of Divorce. Defendant presented no law which holds otherwise.

This leaves the question of whether § 523(a)(15) applies when the debt, while emanating from a divorce decree, is owed to a person other than a spouse or former spouse. In this case the fees are not owed to the Plaintiff but to her attorney. The Plaintiff however, remains liable for this debt if the Debtor does not pay as ordered.

Section 523(a)(15) excepts from discharge a debt:

> not of a kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record.

Citing legislative history,[1] Defendant contends that "Congress did not intend that a debt in a divorce proceeding to someone other than the spouse or former spouse could be declared non-dischargeable." The Sixth Circuit BAP, however, has recently declared otherwise. As explicitly stated in *Gibson v. Gibson (In re Gibson)*, 219 B.R. 195, 204 (6th Cir. BAP 1998):

As a result of the broad definition of claim enacted by Congress (§ 101(5)) and reinforced by the Supreme Court in *Cohen*, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341, the repeated, binding directives to construe statutes according to their plain meaning *(Connecticut National Bank v. Germain*, 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992)) and in a "straightforward" and "commonsense" manner *(Rogers v. Laurain, (In re Laurain)*, 113 F.3d 595 (6th Cir. 1997)) and the required analysis of the effect of applicable nonbankruptcy law in determining whether the Debtor incurred a debt which satisfies the qualifying language of § 523(a)(15), the Panel holds that the Debtor's obligation to pay the Note, an obligation which is not of the kind described in § 523(a)(5), was incurred by the Debtor in connection with the Separation Agreement incorporated into the Dissolution Decree and therefore satisfies the qualifying language of § 523(a)(15), notwithstanding that the debt is payable to a third party and the Separation Agreement lacks hold harmless or other indemnification language.

### Collateral Estoppel and the Issue decided by the Michigan Court of Appeals

■ As previously mentioned, § 523(a)(15) has two subsections. Merely meeting the introductory language is insufficient. A § 523(a)(15) debt cannot be discharged unless:

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

---

1. *140 Cong.Rec. H10, 770 daily ed. October, 1994; Collier on Bankruptcy, 15th Ed.App.Pt.* 9(b), pg. 9–96.

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

On December 1, 1998, the Michigan Court of Appeals affirmed the trial court's award of attorney's fees to the Plaintiff. In so doing the appellate court stated:

Contrary to defendant's claim that there was "no showing that plaintiff required the award of fees to carry on her prosecution of the divorce," plaintiff specifically testified at trial that she "would not [have been] able to proceed if it were not for the generosity of [her] attorneys." She also testified that she was not in a position to pay her attorney fees. Thus, plaintiff established that an award of attorney fees was necessary to allow her to carry on this divorce action. Under these circumstances, an award of attorney fees was authorized.

*LaCasse v. LaCasse*, No. 207639, (Mich.Ct. App. December 1, 1998).

This ruling resolved part (A) in that it determined that this debtor has the ability to pay the attorney's fees. The next step would require the court to analyze part (B) to determine which party would be most detrimentally affected should this debt be discharged or not discharged. However, as discussed previously, the only aspect of § 523(a)(15) which is exclusive to the bankruptcy court is our ability to enter the order of nondischargeability. Having decided to return the § 523(a)(5) pension issue to the state court for its determination of dischargeability, it makes sense for that court to also make the necessary finding regarding whether discharging the award of attorney's fees would result in a benefit to the Debtor that outweighs the detrimental consequences to the Plaintiff. See *Sorah v. Sorah*, 163 F.3d 397 (6th Cir. 1998); *In the Matter of Crosswhite*, 148 F.3d 879 (7th Cir.1998); *In re Patterson*, 132 F.3d 33, 1997 WL 745501 (6th Cir. 1997).

*Conclusion*

For reasons stated above, this Court finds sufficient cause under Section 362(d)(1) to lift the automatic stay and permit the State Court to determine the substantive rights of the parties under applicable, non-bankruptcy domestic relations law and determine whether its award of the pension is in the nature of alimony, maintenance or support. See *McCafferty v. McCafferty (In re McCafferty)*, 96 F.3d 192 (6th Cir.1996). The State Court is further instructed to employ the balancing test of § 523(a)(15)(B) vis-a-vis its award of the payment of Plaintiff's attorney's fees.

**ORDER**

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The automatic stay is hereby lifted to enable the Plaintiff to return to state court for a determination as to whether the pension award is in the nature of alimony, maintenance and/or support and is thus nondischargeable pursuant to 11 U.S.C. § 523(a)(5). *Fitzgerald v. Fitzgerald (In re Fitzgerald)*, 9 F.3d 517 (6th Cir.1993). Upon making that determination the state court is authorized to enter an order of dischargeability or nondischargeability.

2. The state court is also authorized to take the appropriate proofs so as to determine whether pursuant to 11 U.S.C. § 523(a)(15)(B) the Plaintiff or the Defendant would be most detrimentally affected by the discharge of the debt of Plaintiff's attorney's fees. Once this determination is made, the State Court shall advise the Bankruptcy Court so that the Bankruptcy Court can enter the appropriate order.

IT IS FURTHER ORDERED that a copy of this Memorandum Opinion and Order shall be served by first-class United States mail, postage prepaid, upon Denise Dodge, Walter K. Hamilton, Esq., Richard G. LaCasse, and Roland F. Rhead, Esq.

**ORDER GRANTING MOTION TO RE-CONSIDER, AFFIRMING IN PART AND MODIFYING IN PART THIS COURT'S OPINION OF JULY 21, 1999**

■ On August 2, 1999, Debtor and Defendant Richard G. LaCasse filed his Motion to Reconsider this Court's July 21, 1999 Opinion. We hereby grant that Motion and modify our previous Opinion in one aspect, and one aspect only. We reluctantly agree that the Michigan Court of Appeals[1] affirmance of the trial court's finding that an award of attorneys' fees to the Plaintiff was necessary to carry on this divorce action, and that but for "the generosity of [her] attorneys she would not have been able to proceed," does not collaterally estop the Defendant from showing his inability to pay this debt. Accordingly, having withdrawn our ruling as to the collateral estoppel effect of the Michigan Court of Appeals ruling (see page 8 of *LaCasse*), and for the reasons stated in pages 4–8 of LaCasse, we direct the state trial court to make the appropriate findings pursuant to both subsections (A) and (B) of Section 523(a).

The remainder of *LaCasse v. LaCasse (In re LaCasse),* Adversary Proceeding No. 98–88229 (Bankr.W.D.Mich. July 21, 1999) stands as issued. We cannot leave this matter without noting, however, that while it is not uncommon for divorce cases which end up in bankruptcy court to be less than congenial, this case has reached a new nadir. We again remind the Debtor that bankruptcy court authority should not be exercised when it is clear that the bankruptcy action is merely a continuation of a previously litigated dispute between divorced spouses. Rather, these matters should be left to the traditional wisdom of the appropriate state court.

NOW, THEREFORE, IT IS HEREBY ORDERED that a copy of this Order shall be served by first-class United States mail, postage prepaid, upon Denise Dodge, Walter K. Hamilton, Esq., Lee B. Reimann, Esq., Richard G. LaCasse, and Roland F. Rhead, Esq.

---

1. The Michigan Supreme Court quickly denied both the Debtor's leave to appeal and his motion for reconsideration of the Supreme Court's denial of leave to appeal.