**In re James Allen SUTTON, Debtor.**

**Bankruptcy No. 00–11992–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida.

May 12, 2000.

---

Peter D. Spindel, Miami, FL, for respondent.

Richard Robles, Miami, FL, for debtor.

***MEMORANDUM OPINION AND ORDER (1) GRANTING DEBTOR'S MOTION FOR SANCTIONS; AND (2) CLARIFYING RIGHTS OF CREDITOR TO PURSUE ATTORNEY'S FEES CLAIM IN FAMILY COURT***

ROBERT A. MARK, Chief Judge.

Section 362(b)(2)(B) of the Bankruptcy Code excepts from the automatic stay "the collection of alimony, maintenance or support from property that is not property of the estate." Debtor's Motion for Sanctions in this Chapter 7 case requires the Court to determine whether the efforts by attorney Raquel Rodriguez ("Rodriguez") to collect attorney's fees awarded to her as a Guardian ad litem appointed in a state court dissolution proceeding came within this exception. As discussed below, the Court finds that Rodriguez violated the stay since there has not been a determination that the fees she seeks to collect are excepted from discharge and since the state court order compelling payment was

not limited to property that is not property of this bankruptcy estate.

## BACKGROUND

Prior to the filing of this Chapter 7 case, the Debtor was a party in a divorce proceeding in the Circuit Court, Miami–Dade County, Florida, Case No. 97–29756–FC29–PJ (the "State Court Case"). On June 16, 1999, Rodriguez was appointed Guardian ad litem for the benefit of the parties' minor child. The state court order provided that the Debtor/father would be responsible for payment of Rodriguez' reasonable fees and costs.

The record does not include a copy of or specific reference to a subsequent state court order awarding fees to Rodriguez, but the Debtor did schedule Rodriguez as an unsecured creditor with a claim in the amount of $4,958.34. The Court presumes that this is the amount the state court judge awarded to her. The record does reflect that on March 7, 2000, Rodriguez filed a motion in the State Court Case to compel payment of her fees.

On March 14, 2000, the Debtor filed his Chapter 7 petition. On that same day, he filed and served a Suggestion of Bankruptcy in the State Court Case. With knowledge of the pending bankruptcy case, Rodriguez nevertheless proceeded with a March 23rd hearing in the State Court Case on her Motion to Compel. The state court judge granted the motion and on that day entered an order compelling the Debtor "to make payment of fees to the appointed Guardian, Raquel Rodriguez, within 20 days." Order Granting Guardian's Motion to Compel, March 23, 2000.

Debtor responded to the March 23rd state court order by filing a Motion for Sanctions against Rodriguez in this Court. The motion was filed on April 10, 2000, and heard on May 4th.

## DISCUSSION

In response to the Motion for Sanctions, Rodriguez claims that she did not violate the stay since the hearing on her Motion to Compel had been scheduled prior to the filing of the bankruptcy. She also attempts to justify her actions by noting that the fees she seeks arise from her representation of the Debtor's minor child, not from representation of either the husband or wife. Finally, as argued at the May 4th hearing, Rodriguez asserts that her actions were within the exception to the automatic stay under 11 U.S.C. § 362(b)(2)(B).

Rodriguez' first two arguments are summarily rejected. First, the fact that the state court hearing was scheduled before the bankruptcy was filed is irrelevant. 11 U.S.C. § 362(a)(1) specifically stays "the commencement or *continuation* . . . of a judicial . . . proceeding against the Debtor." (emphasis added). Second, the fact that Ms. Rodriguez was not representing the Debtor's spouse is also irrelevant. Therefore, the only issue is whether the automatic stay exception in § 362(b)(2)(B) applies to the relief Rodriguez sought and obtained at the March 23rd state court hearing.

Exceptions to the automatic stay should be construed narrowly to further the purpose of the stay. *See In re Baldwin Builders,* 232 B.R. 406 (9th Cir. BAP 1999). One of those purposes is to protect the debtor from having to convince a state court judge that the state court matter should not proceed. *See In re Weisberg,* 218 B.R. 740, 752 (Bankr.E.D.Pa.1998). Although state court judges generally refrain from proceeding once they are made aware of a bankruptcy filing, the burden is on the creditor not to seek relief against a debtor in violation of the stay.

Section 362(b)(2)(B) excepts from the automatic stay "the collection of alimony, maintenance or support from property that is not property of the estate." Although § 362(b)(2)(B) does not specifically reference § 523(a)(5), it is obvious, both logically and from the legislative history, that Congress was only providing a stay exception to allow collection of non-dis-

chargeable debts. H.R.Rep. No. 595, at 342–43 (1977); S.Rep. No. 989, at 51 (1978) ("The automatic stay is one means of protecting the debtor's discharge. Alimony, maintenance and support obligations are excepted from discharge"). Therefore, to come within the purview of this statutory exception, there must first be a determination that the monies sought to be collected constitute a debt that would be excepted from discharge as a debt in the nature of alimony, maintenance or support under 11 U.S.C. § 523(a)(5).

■ The exception in § 362(b)(2)(B) is also limited to collection of a non-dischargeable debt "from property that is not property of the estate." This is a material element of the exception since, as noted in the legislative history, collection efforts permitted under this exception do not prejudice creditors with dischargeable debts "because the collection effort is against property that is not property of the estate." *Id.* In other words, the exception only applies to property that creditors with dischargeable debts could not reach. Therefore, even if and when there is a finding that the fees are excepted from discharge, § 362(b)(2)(B) only allows for collection of the debt from property that is not property of the estate. *See In re Weisberg,* 218 B.R. at 751.

■ Applying the foregoing law to the facts in this case, it is apparent from the record that Rodriguez has not yet obtained a determination in either this Court or the state court with respect to the dischargeability of the fees she seeks to collect.[1] Moreover, the March 23, 2000 Order which she sought and obtained in the State Court Case compels the Debtor to pay the fees within 20 days without limiting the source of payment to monies which are not property of the bankruptcy estate. In sum, Rodriguez' postpetition efforts to compel payment of her attorneys fees were not within the § 362(b)(2)(B) stay exception.

### *REMEDY*

■ Section 362(h) of the Bankruptcy Code provides that "[a]n individual injured by any willful violation of [the § 362 stay] shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." The power of a bankruptcy court to impose sanctions under this section is well established. *See In re Rush–Hampton Industries, Inc.,* 98 F.3d 614 (11th Cir.1996).

■ The Court finds that Rodriguez willfully violated the automatic stay by seeking and obtaining the March 23rd state court Order Granting Motion to Compel without first obtaining relief from the automatic stay. Even if Ms. Rodriguez was confused about her rights and the applicability of the automatic stay, good faith is not a defense to an award of damages or attorneys fees in a § 362(h) motion. *See In re Weisberg,* 218 B.R. at 753.

■ The message to practitioners should be clear. If you proceed against a debtor in family court without obtaining stay relief or a bankruptcy court order finding that the proposed action falls within an exception to the stay, you do so at your own risk. *See In re Daugherty,* 117 B.R. 515, 517 (Bankr.D.Neb.1990) ("If there is any doubt as to whether Section 362(b)(2) applies, the prudent practitioner should seek relief from the automatic stay prior to filing an action in state court"). Neither a mistaken albeit, good faith, belief as to the applicability of the stay, nor a decision of the state court judge to proceed, will shield a creditor from sanctions

---

1. The state court has concurrent jurisdiction to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(5). *See In re Lombardo,* 224 B.R. 774, 781 n. 4 (Bankr.S.D.Cal. 1998) (citing *In re Aldrich,* 34 B.R. 776, 780 (9th Cir. BAP 1983)); *In re Antonino,* 241 B.R. 883, 890 (Bankr.N.D.Ill.1999); *In re La-Casse,* 238 B.R. 351, 354 (Bankr.W.D.Mich. 1999).

if the creditor's actions violate the automatic stay.

Based upon the foregoing and for the additional reasons stated on the record at the conclusion of the hearing, which are incorporated here by reference, it is—

ORDERED as follows:

1. The Motion for Sanctions is granted. Pursuant to § 362(h), Rodriguez shall pay the sum of $500.00 in attorney's fees to Richard Robles, Esq., representing actual damages incurred by the Debtor because of the stay violation.

2. Rodriguez is ordered to immediately seek an Order in the State Court Case vacating the March 23, 2000 order compelling the Debtor to pay her attorney's fees.

3. Rodriguez shall not pursue collection of her attorney's fees in the State Court Case unless and until she has first obtained a determination either in this Court, by filing an adversary proceeding under § 523(a)(5), or in the State Court Case, finding that the fees she seeks to collect are excepted from discharge under 11 U.S.C. § 523(a)(5).

4. If and when Rodriguez obtains an order in the State Court Case, or a judgment in a bankruptcy adversary proceeding, finding that the fees she seeks to collect are excepted from discharge under 11 U.S.C. § 523(a)(5), any relief she seeks in the State Court Case to collect the fees must still be limited to seeking collection from property that is not property of this bankruptcy estate.